**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM J. BURELLE**<br><br>**Plaintiff**<br>**v.**<br><br>**QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE**<br>**Defendants** | : | **C.A. No. 04-414 S** |

**MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

## I. PRELIMINARY STATEMENT

Plaintiff William J. Burelle's ("Plaintiff") Motion for Sanctions against Defendants Quebecor World Pawtucket f/k/a Quebecor World Packaging Graphics and Quebecor World Printing (USA) Inc. (collectively, the "Quebecor Defendants") is based on the Quebecor Defendants' failure to respond to Plaintiff's discovery requests and subsequent failure to comply with this Court's order compelling Defendants to respond to those requests by April 23, 2005. In their Opposition to Plaintiff's Motion for Sanctions, the Quebecor Defendants and their counsel attempt to assign responsibility for their failures to everyone but themselves. This simply is not the case. The Quebecor Defendants have repeatedly and unjustifiably failed to comply with their discovery obligations, prejudicing and imposing expense upon Plaintiff. As a result, the Quebecor Defendants and their counsel should be held responsible, via the sanctions requested, for their own actions and omissions.

## II. ARGUMENT

### A. The Quebecor Defendants and Their Counsel Failed to Fulfill Their Obligations

Defendants' counsel, Jackson Lewis LLP ("Jackson Lewis" or "Defense Counsel"), is a firm of more than 350 attorneys, approximately 40 of whom practice out of the same office as the attorney primarily responsible for the Defendants' defense of this action. Jackson Lewis LLP holds itself out as expert in the practice areas of employment litigation and age discrimination and declares that for clients with more than one location (such as the Defendants), the firm develops a "multi-office team" responsible for the client's legal services. See Jackson Lewis LLP, "About Jackson Lewis", at http://www.jacksonlewis.com/ aboutus/default.cfm. The firm also states that it appoints a "primary contact attorney" responsible for the coordination of a client's services. See id.

The Quebecor Defendants' discovery responses were due March 4, 2005. By their own admission, the Quebecor Defendants' attorney did not communicate with Plaintiff's counsel regarding the Defendants' failure to respond to Plaintiff's discovery requests until April 4, 2005 -- one full month after Defendants' discovery responses were due. Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions ("Opposition Memo") at 1-2.

The fact that one Jackson Lewis attorney was too busy to be bothered with responding to Plaintiff's discovery requests (or, in the words of Defense Counsel, "engaged in a matter before the federal court in White Plains, New York during the better part of March which was taking up a large part of [his] time"), and then was ill for a period of time (which is not disputed by Plaintiff), cannot excuse Defendants' failure to comply with discovery requests or obey orders of

this Court. See Id. Defense Counsel had the responsibility not to neglect its other cases merely because one of its attorneys was busy elsewhere, especially when this Court had entered an order specifically requiring compliance with Plaintiff's discovery requests by April 13, 2005. Certainly some other member of the Jackson Lewis "team" should have enabled the Quebecor Defendants to comply with Plaintiff's discovery requests and this Court's order. Defense Counsel, for whatever reason, merely chose not to do so.

In addition, Defense Counsel's primary responsible attorney admits that he first became ill on March 28, 2005, more than three weeks after the Quebecor Defendants' discovery responses were due. Id. at 2. An onset of illness, of one attorney in an office of forty, more than three weeks after discovery responses were due, does not excuse Defense Counsel's failure to contact Plaintiff's counsel to seek an extension of time before Plaintiff was forced to file a Motion to Compel and does not support the Quebecor Defendants' claim that they were unable to comply with discovery requests.

### B. The Quebecor Defendants Were Obligated to Comply with This Court's Order, Even if Defense Counsel Were Not Mailed the Order

Defense Counsel claims that it never received a copy of the Court's order granting Plaintiff's Motion to Compel and somehow attempts to place the blame for this at the feet of Plaintiff's counsel. But Plaintiff's counsel was under no obligation to forward a copy of the Court's order to Defense Counsel, and indeed had no reason to believe that Defense Counsel did not know of the Court's granting of Plaintiff's Motion to Compel. Because the Quebecor Defendants failed to object or otherwise respond to Plaintiff's Motion to Compel, Defense Counsel knew, or certainly should have known, that this Court likely would grant Plaintiff's

Motion to Compel and enter an order compelling Defendants' discovery responses. See Local Rules of the United States District Court for the District of Rhode Island, Rule 12(a)(2).

In light of this, and having received no confirmation from the Court as to the result of Plaintiff's Motion to Compel, the Quebecor Defendants had an affirmative obligation to obtain from the Court the date upon which their discovery responses were due under the Court's order, so they could then comply with that order. To attempt to blame Plaintiff's Counsel for Defense Counsel's failure to do its due diligence and adequately represent its clients is irresponsible and not worthy of the Court's serious consideration.

### C. Plaintiff was Prejudiced, and the Court's Time was Wasted, by the Quebecor Defendants' Failure to Provide Discovery Responses Prior to the Settlement Conference

Defense Counsel's claim that the Settlement Conference "went forward as planned" on May 17, 2005 is only half true and omits two important facts. First, while the Settlement Conference went forward as planned on that particular date, Defense Counsel previously had requested the continuance of the Settlement Conference from May 4, 2005 to May 17, 2005 on account of its lack of preparedness therefor. In addition, and more significantly, due to the Quebecor Defendants' lack of compliance with Plaintiff's discovery requests Plaintiff was forced to prepare for and attend the Settlement Conference without the benefit of having received and reviewed the Quebecor Defendants' discovery responses, thereby robbing the Conference of any real utility or benefit to the parties or the Court. Plaintiff was prejudiced, and the Court's time was wasted, by the Quebecor Defendants' failure to provide discovery responses prior to the Settlement Conference.

## III. CONCLUSION

For the above reasons, as well as those contained in the Memorandum of Law in Support of Plaintiff's Motion for Sanctions, Plaintiff requests that the Defendants' answer be stricken, that Plaintiff be granted a default judgment, and that the Defendants be ordered to pay Plaintiff's reasonable expenses, including attorney's fees, caused by the Quebecor Defendants' failure to provide discovery responses.

**WILLIAM J. BURELLE**

By his Attorneys,

WINOGRAD, SHINE & ZACKS, P.C.

By Melissa Horne

Melissa M. Horne, Esq. (#5291)
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: June 3, 2005

**CERTIFICATION**

I hereby certify that on June 3rd, 2005, I forwarded a true copy of the within Memorandum of Law to Joseph J. Altieri, Esq., Joseph J. Altieri, Ltd., 301 Metro Center Boulevard, Suite 102, Warwick, RI 02886 and Anthony J. DiOrio, Esq., Jackson Lewis, LLP, 127 Dorrance Street, 4th Floor, Providence, RI 02903 by regular mail.

[signature]