UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM J. BURELLE, Plaintiff,

v. CA 04-414S

QUEBECOR WORLD PAWTUCKET f/k/a/ QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE, Defendants.

**ORDER**
**DENYING MOTION FOR SANCTIONS**

Before the court is Plaintiff's Motion for Sanctions (Document #17). The motion seeks an order striking the Answer, entry of default judgment, and the payment of reasonable expenses and attorney's fees. A hearing on the Motion was held on June 16, 2005.

Plaintiff seeks sanctions because of the failure of Defendant Quebecor World Pawtucket f/k/a Quebecor Packaging Graphics and Quebecor World Printing (USA) Inc. ("Quebecor Defendants") to answer Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production by the due date of March 4, 2005, and also for failing to comply with the Order of April 13, 2005 (Document #15) (Order of 4/13/05). The Order of 4/13/05 was granted by rule of court and required the Quebecor Defendants to answer the interrogatories and respond to the request for production within ten days. See Order of 4/13/05. It is undisputed that the answers and responses were not received by Plaintiff until May 20, 2005.

Under Fed. R. Civ. P. 37(b)(2), a party failing to obey an order to provide discovery shall be required to pay reasonable expenses, including attorney's fees, caused by the failure "unless the court finds that the failure was substantially

justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). Here the following circumstances make the award of such expenses unjust.

Plaintiff does not dispute that the Quebecor Defendants' counsel "was ill for a period time ...." Memorandum of Law in Reply to Defendants' Opposition to Plaintiff's Motion for Sanctions at 2. In fact, counsel for the Quebecor Defendants states that he became seriously ill with an attack of kidney stones on March 28, 2005, that this illness led to his being hospitalized on April 5, 2005, and that thereafter he was unable to work until April 25, 2005. See Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions at 2 ("Quebecor Defendants' Mem."). Counsel also states that he did not receive a copy of the Order of 4/13/05, and he has provided information and evidence which tends to support his claim. See id. at 2-3; see id., Ex. A (Letter from DiOrio to Clerk of 1/17/05). The court accepts these statements as true.

In addition, Quebecor Defendants' counsel represents that he did not know that the Motion to Compel had been granted until he received a copy of Plaintiff's Settlement Conference Memorandum on May 2, 2005. See Quebecor Defendants' Mem. at 2. In that memorandum Plaintiff stated that an Order had been entered "compelling the Quebecor Defendants to serve responses [to Plaintiffs' interrogatories and request for production] by May 27, 2005." See id., Ex. B (Plaintiff's Settlement Conference Memorandum) at 3. Quebecor Defendants' counsel indicates that based on this statement he assumed he had plenty of time to comply with the Order. See id. The court also accepts these statements as true.

Based on the above facts, I find that the Quebecor Defendants' failure to comply with the Order of 4/13/05 was not willful. I also find that Plaintiff has not been substantially

prejudiced by the delay in receiving the Quebecor Defendants' responses to his discovery requests.

The same circumstances which make the award of expenses unjust also cause the court to deny Plaintiff's request to strike the Quebecor Defendants' Answer and grant a default judgment in favor of Plaintiff. Default judgment is an extreme sanction, and defaults are not favored in the law. Here it is not warranted in light of the illness of the Quebecor Defendants' counsel, his lack of awareness of the Order of 4/13/05, his subsequent belief (based on the statement in Plaintiff's Settlement Conference Memorandum) that he had until May 27, 2005, to comply with the Order of 4/13/05, and the absence of substantial prejudice to Plaintiff.

Accordingly, the Motion for Sanctions is DENIED.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
U.S. MAGISTRATE JUDGE
June 17, 2005

BY ORDER:

Deputy Clerk