ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM J. BURELLE,** Plaintiff, | : | |
| - against - | : | **C.A. No.: 04-414 S** |
| **QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE,** Defendants. | : | |

**MOTION *IN LIMINE* TO EXCLUDE EXHIBITS AND/OR TESTIMONY REGARDING RICHR OR EEOC FILINGS, CHARGE,FINDINGS AND RELATED DCOUMENTS**

Defendants hereby move to exclude Plaintiff's proposed exhibits numbered 32, 33, 35, 36, 37, 38 and 39 as they pertain to documents filed with the Rhode Island Commission for Human Rights ("RICHR") and possibly co-filed with the Equal Employment Opportunity Commission ("EEOC"). Further, Defendants likewise move to exclude any and all testimony, from any source, regarding any or all of the events or circumstances surrounding either the filings with the RICHR/EEOC or the agencies' involvement, investigation, comments, suggestions, issuances, or any other matter involving Plaintiff's filing of his discrimination charge with said agencies.

# ARGUMENT

## PLAINTIFF SHOULD BE PRECLUDED FROM HAVING ADMITTED INTO EVIDENCE ANY DOCUMENTS WHICH WERE FILED AT OR ISSUED FROM RICHR OR EEOC.

Plaintiff has indicated that he intends to offer the following exhibits into evidence: the RICHR "Discrimination Questionnaire" (Ex #32); a letter from Plaintiff's attorney to the RICHR dated February 21, 2003 (Ex. #33); Defendant's "position statement" dated April 30, 2003, and filed with the RICHR (Ex. #35); Plaintiff's response to "request for information" from RICHR dated January 28, 2004 (Ex. #36); Defendant's response to RICHR's request for Information dated February 27, 2004 (Ex. #37); "Probable Cause" determination from RICHR dated May 14, 2004 (Ex. #38); and the EEOC "Right to Sue" letter[1] (Ex. #39). As will be shown herein, none of these proposed exhibits offer any probative value to the issues involved in this case; and all are highly prejudicial, such that they violate FRE 403 and will effectively displace the function of the jury, i.e., whether or not Plaintiff will have proven, by a preponderance of evidence, that Defendants discriminated against him based upon age.

### A. The Court Should Not Allow Any Of the Above-Listed Exhibits Into Evidence, As They Violate F.R.E. 401, 402, 403 and 802, and Do Not Come Under Any Exceptions Under F.R.E. 803.

All of the aforementioned exhibits proposed by Plaintiff relate to the filings at RICHR/EEOC. None of them should be admitted into evidence based upon the following arguments:

[1] Although not produced by Plaintiff, Defendant would also object, for the same reasons, for any "Right to Sue Letter issuing from RICHR.

**(i) <u>The "Probable Cause" Letter (Ex. 38) From RICHR And The "Right-To-Sue" Letter (Ex. 39) from EEOC Are Not Probative Of Any Allegations Contained In Plaintiff's Complaint</u>.**

The "Amended Letter" from RICHR dated May 14, 2004,[2] annexed to accompanying Declaration of Anthony J. DiOrio ("DiOrio Dec.") dated April 3, 2006, as Exhibit "A", states in relevant part:

> On May 12, 2004, a Preliminary Investigating Commissioner carefully reviewed and considered the information gathered during the course of the investigation by members of the Commission staff. The Commissioner has determined that there is "probable cause" to believe that the respondents have violated the Rhode Island Fair Employment Practices Act. The conciliator...will now endeavor to negotiate an appropriate conciliation agreement with you.

Nothing else is contained in the letter other than the re-publishing of a Rhode Island statute advising the parties as to their rights concerning further involvement of the RICHR from that point forward, along with a further statement from the RICHR as to how to seek a "Right-To-Sue" letter if desired.

Likewise, the Right-To-Sue letter issued by the EEOC on July 1, 2004 is nothing more than a form letter advising Plaintiff that he had 90 days from receipt to file an appropriate lawsuit. <u>See</u> Exhibit "B" of the annexed DiOrio Dec. There is nothing contained in Plaintiff's proposed Exhibit 39 which is probative of anything pertaining to Plaintiff's complaint.[3]

---

[2] It is noted that RICHR had to "amend" its probable cause letter in this matter, as the original letter stated that the Commission had determined that the respondents had violated federal and state *disability (ADA)* statutes. Such a "faux pas", while anecdotal, underscores just how barren RICHR's "probable cause" letters really are – they are merely form letters containing not one whit of probative evidence.

[3] If Plaintiff suggests that he needs this exhibit in evidence to prove that he met all jurisdictional requirements prior to filing suit, such exhibit is not necessary, as Defendants are ready to stipulate that there exist no jurisdictional issues with Plaintiff's filing of his complaint in this court.

In Patten v. Wal-Mart Stores East, Inc., 300 F.3d 21 (1st Cir. 2002), the First Circuit was faced with this identical problem where the plaintiff appealed the Maine District Court's disallowance of the Maine Human Rights Commission's Finding of Discrimination/Right-To-Sue letter. The First Circuit reviewed the Maine Commission's letter, identified but not admitted into evidence in the nisi court. Interestingly, the letter contains almost the same language as found in Plaintiff's proposed Exhibit 38 herein, as the Maine agency, not unlike RICHR, merely states that it had "investigated the claim" and determined "reasonable grounds" existed to believe unlawful discrimination occurred. The letter goes on to suggest, as herein, that the Commission would engage in a "proposed conciliation". In affirming the lower court's refusal to admit such evidence, the First Circuit reviewed its own precedent in Smith v. Mass. Institute of Tech., 877 F.2d 1106 (1st Cir. 1989). In Smith, the First Circuit refused to permit the admissibility of the EEOC's findings, and refused an argument by plaintiff suggesting a *per se* rule of admissibility, indicating that it would "clearly undercut the district court's function as independent fact-finder." Id. at 1113 (quoting Tulloss v. Near North Montessori School, 776 F.2d 150, 154 7th Cir. 1985)). In Smith, the EEOC file contained three reports from EEOC investigators, which were critical of how the employer treated its employees. The reports contained written statements from former employees. The First Circuit reviewed FRE 803(8)(C), and held that no *per se* rule of admissibility would be adopted, and that it would remain within the individual discretion of the trial justice to determine admissibility. However, Smith does stand for the proposition that before a district judge can make such a discretionary ruling, there must be "something" within the agency file or documents which is "probative" to the case. Our situation herein is more akin to the Patten situation than Smith, as there is *nothing*

contained in the proposed exhibits which shows any detail surrounding the investigation or how the agency determined that there was "probable cause". In conclusion, the Patten court stated:

> Here, the right-to-sue letter states only a conclusory probability of discrimination, unsupported by any relevant facts, and thus on its surface *lacks the probative content of the excluded investigative file challenged in Smith*. (emphasis supplied).

Patten, 300 F.3d at 27. Accordingly, both exhibits 38 and 39 should be excluded from evidence.

**(ii) Evidence Contained In EEOC Or Other Investigatory Agency Files Is Routinely Excluded From Trial, As It Normally Results In Unfair Prejudice To Defendant.**

Exhibits 32, 33, 35, 36 and 37 are merely records and documents filed by the parties with the RICHR and/or the EEOC, and contain a "mish-mash" of hearsay evidence. Courts routinely exclude such information from being admitted into evidence.

In Sherman v. Chrysler Corp., 47 Fed. Appx. 716 (6th Cir. 2002), the Sixth Circuit reviewed the lower court's exclusion of various EEOC documents and evidentiary records from trial.[4] The Sixth Circuit stated with regards to such exclusion:

> We also review for abuse of discretion the district court's decision to exclude various EEOC evidentiary records (including Sherman's affidavits and letters to the EEOC), EEOC letters of violation, and Sherman's letter to Chrysler warning it not to retaliate, on the grounds that such evidence would tend to confuse the issues or the jury and result in unfair prejudice.
>
> We find no abuse of discretion with regard to these records. *An EEOC letter of violation is presumptively inadmissible "because it 'suggests that preliminarily there is reason to believe that a violation has taken place' and therefore results in unfair prejudice to the defendant."* Williams v. The Nashville Network, 132 F.3d 1123, 1129 (6th Cir. 1997)(quoting EEOC v. Manville Sales Corp., 27 F.3d 1089, 1095 (5th Cir. 1994). Sherman's affidavits and letters in support of his EEOC charges contained information that the district court concluded would be introduced through testimony at trial and Sherman has not explained why, in light of that fact, the admission of these documents was necessary or what probative value they might have had. (emphasis supplied).

---

4 For the Court's convenience, a copy of Sherman is annexed to the DiOrio Dec. as Exhibit "D."

47 Fed. Appx. at 722-23. So too herein, it would be monumentally unfair for this Court to permit, in essence, the entire RICHR file, into evidence by admitting Plaintiff's Proposed Exhibits 32, 33, 35, 36 and 37 into evidence. So too, it is presumed that many of the topics which are presumably "covered" in these documents would be testified to by Plaintiff, or possibly upon cross-exam by other witnesses. Why would such documents be necessary or probative? They simply are not, and the Plaintiff's attempt to introduce them is obvious – Plaintiff wishes the jury to know that there was some kind of preliminary "ruling" from a state or federal agency, pointing the finger of guilt at the Defendants. This is simply unfair and not the way this case should be tried.

Further, the First Circuit would be in accord with the Sherman holding. In Smith, *supra*, the First Circuit reviewed the 7th Circuit case of Tulloss v. Near North Montessori School, 776 F.2d 150 (7th Cir. 1985), where the lower court refused to admit the agency's investigatory file. In following Tulloss, the Smith court quoted the Seventh Circuit at length:

> Generally, the courts of appeal are in agreement that it is not error to exclude the investigator file of the EEOC in order to insure a fair and independent determination of the facts by the court. *As one court has noted, the EEOC file is a "mish-mash of self-serving and hearsay statements and records;...justice requires that the testimony of the witnesses be given in open court, under oath, and subject to cross-examination."* Gillin v. Federal Paper Board Co., 479 F.2d 97, 99 (2d Cir. 1973)(quoting the district court's opinion, 52 F.R.D. 383, 385 (D.Conn. 1970)).
>
> A rule of *per se* admissibility of the investigative file would clearly undercut the district court's function as independent fact-finder. (emphasis added).

Id. at 1113. In this matter, the proposed exhibits under scrutiny do not even amount to what could be reasonably called the RICHR's investigatory file – as they together or separately amount to nothing more than various documents that were received by the agency by both sides,

without regards to evidentiary foundations, relevancy, trustworthiness, or other indicia which normally would give a proposed exhibit some modicum of reliability, such to permit the fact-finders to sincerely review the documents as "evidence".[5]

For example, Plaintiff's proposed Exhibit 36 is a package of information from Plaintiff's attorney to the RICHR, comprising of some *140 pages* of documents – and includes a response prepared by Plaintiff's attorney (who is not listed as a fact witness in these proceedings, and at least facially does not appear to have any "facts" for which she could be reasonably be expected to testify). Further proof of the unreliability of this evidence is found, e.g., in one of the attachments, to wit: a letter dated January 15, 2004 from a customer of Plaintiff (Bates stamped "B103" and attached to the DiOrio Dec. as Exhibit "C"). It is a pure hearsay opinion, obvious offered for its truth, about how Plaintiff handled this customer of Defendant. This letter could never come in under any exception to the hearsay rule, and Defendants certainly would not be able to cross-examine the author of the letter, or the letter itself. Yet, somehow, Plaintiff believes that because this letter was submitted to the RICHR, it has become fortified with relevancy and trustworthiness, such to be admitted as a full exhibit. It has not.[6]

Likewise, Plaintiff's proposed Exhibit 37, comprised of some *153 documents*, is a compilation by Defendants of a response to <u>eleven</u> separate and <u>disparate</u> items that the RICHR investigator requested from Defendants. The 153 documents are not related to one another. Many of the documents appear to be copied directly from Plaintiff's personnel file – a file which would obviously be quite extensive with a nine and one-half year tenure. What probative value

---

[5] Let us also not forget that *Plaintiff* was the party who sought the Right To Sue letter – essentially asking the agencies to suspend further investigation or handling of his claim. To now seek to introduce, *en masse*, evidence gathered by the agencies, who never made any *substantive* investigations or determinations, is simply an attempt by Plaintiff to have the jury believe that something occurred at the agency level that did not.

[6] Again, this is merely offered as an example of the problems with the proposed exhibits. There are many problems with all of the documents.

would be found within the entire personnel file, as opposed to, e.g., a very specific document that might be relevant to the claim made by Plaintiff? Although some of the documents contained within Exhibit 37 are on Defendants' Exhibit list – the fact remains that such documents would be admitted into evidence by either stipulation of the parties or proper foundations – not simply because someone mailed them into the RICHR. Simply put, it would be improper for this Court to permit a wholesale admission of documents into evidence based upon some claim that they are somehow "reliable" because they were mailed to the RICHR.

Again, for all of the foregoing reasons, and salient First Circuit precedent, it is requested that this Court grant the instant motion and exclude the introduction of Plaintiff's proposed exhibits numbered 32, 33, 35, 36, 37, 38 and 39.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendants respectfully request that the Court grant this motion *in limine*, and for such further and different relief as the Court may deem just and proper.

Respectfully submitted,

Anthony J. DiOrio (#3419)
Attorney for Quebecor Defendants

Dated: April 3, 2006
Providence, Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **WILLIAM J. BURELLE,** <br> **Plaintiff,** <br> **- against -** <br> **QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE,** <br> **Defendants.** | **C.A. No.: 04-414 S** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Motion *In Limine* has been served by mailing a copy of the same, via Federal Express, this 3rd day of April 2006, to:

Melissa Horne, Esq.
Wingrad, Shine & Zacks, P.C.
123 Dyer Street
Providence, Rhode Island 02903
*Attorney for Plaintiff*

Joseph J. Altieri, Esq.
Joseph J. Altieri, Ltd.
301 Metro Center Blvd., Suite 102
Warwick, Rhode Island 02886
*Attorney for Defendant Masse*

Anthony J. DiOrio, Esq.