ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

------------------------------------------------------------X

**WILLIAM J. BURELLE,** :
:
**Plaintiff,** :
:
**- against -** : **C.A. No.: 04-414 S**
:
**QUEBECOR WORLD PAWTUCKET f/k/a** :
**QUEBECOR WORLD PACKAGING** :
**GRAPHICS; QUEBECOR WORLD PRINTING:**
**(USA) INC.; and ERNEST MASSE,** :
**Defendants.** :

------------------------------------------------------------X

**DEFENDANTS' MOTION *IN LIMINE* NO. 2:**
**MOTION IN LIMINE AND SUPORTING MEMORANDUM TO PRECLUDE TRIAL TESTIMONY OF OR ABOUT OTHER CLAIMS AND INCIDENTS OF DISCRIMINATION**

**PRELIMINARY STATEMENT**

Defendants Quebecor World Pawtucket f/k/a Quebecor World Packaging Graphics and Quebecor World Printing (USA) Inc. (hereinafter collectively referred to as "Quebecor" or "Defendants"), by and through their undersigned counsel, hereby move the Court *in limine* to exclude evidence of any and all alleged discrimination and/or complaints of discrimination in any form, other than Plaintiff's claim of age discrimination in violation of the Age Discrimination in Employment Act, the Rhode Island Fair Employment Practices Act of 1967 and the Rhode Island Civil Rights Act of 1990. Defendants also move to exclude Plaintiff's proposed exhibits numbered 15, 34, 40, and one page of 14 (document stamped "B00040"), which are directly and solely related to the instant motion.

During the trial of this matter, Defendants anticipate that Plaintiff shall attempt to introduce evidence regarding: (1) Defendant Ernest Masse's own complaint of alleged age discrimination against Quebecor World Packaging Graphics, Inc. f/k/a Quebecor World

Packaging Graphics, et al., filed in the Superior Court of Rhode Island, C.A. No.: 05-3222[1]; and (2) Plaintiff's unsubstantiated and unreported belief that Defendant Masse subjected him to *sexual harassment* on or about February 27, 2002. Plaintiff should be precluded from offering evidence, questioning Plaintiff, or examining or cross-examining any witnesses regarding these issues at trial because they are: (1) irrelevant to Plaintiff's claim, (2) unduly prejudicial and (3) likely to confuse the jury. For the reasons set forth herein, Defendants pray that said motion be granted.

## ARGUMENT

### I. A MOTION IN LIMINE IS AN APPROPRIATE VEHICLE FOR EXCLUDING IMPROPER EVIDENCE.

A motion in limine is a proper means of preventing a litigant from introducing irrelevant evidence at trial. Fed. R. Evid. 104. Such a motion gives the Court an opportunity to make a curative ruling before trial, instead of exposing the jury to potentially irrelevant or prejudicial testimony:

> A motion in limine is made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial effect in the jurors minds.

O'Rear v. Fruehauf Corporation, 554 F.2d 1304 (5th Cir. 1977).

Moreover, federal courts should grant a motion in limine where the prejudicial effect of evidence substantially outweighs any probative value. Fed. R. Evid. 403; see also

---

[1] It should be noted that, other than a filing of an answer to the complaint in the Masse v. Quebecor, et al matter, no other activity has taken place in that lawsuit. There have been no admissions, declarations, depositions, discovery, trials, hearings, judgments or any other information, other than the bald complaint filed by Mr. Masse and the Defendants' denial thereof. The claims remain nothing but allegations, totally unsubstantiated by Mr. Masse at this point in time.

Zenith Radio Corp. v. Matsushita Electric Industrial Co., 505 F. Supp. 1125, 1146 (E.D. Pa. 1980, affirmed in part, 723 F.2d 238 (3rd Cir. 1983), reversed on other grounds, 475 U.S. 574 (1986) (holding that evidence may be excluded if its probative value is outweighed by prejudicial effect).

## II. EVIDENCE REGARDING DISCRIMINATION ALLEGEDLY EXPERIENCED BY DEFENDANT MASSE IS IRRELEVANT TO PLAINTIFF'S CLAIMS AGAINST QUEBECOR.

The allegations of discriminatory conduct experienced by Defendant Ernest Masse, long after Plaintiff's termination, which pertained to conduct alleged to have been by *other* managers and supervisors are entirely irrelevant to Plaintiff's claims which are based on his alleged experiences at Quebecor. Nowhere in Plaintiff's complaint, or in any discovery presented, has Plaintiff come forward with any evidence of any other person, other than Masse, as to the making of comments or taking action against him which were age related. Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence.

Fed. R. Evid. 401 (emphasis added). Evidence which is not relevant to any issue or claim in an action tends to prove nothing of consequence, and therefore should be excluded at trial. Moore's Federal Rules Pamphlet § 402.5 (2002). This exclusionary principle is set forth in Rule 402, which mandates: "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

Courts have properly excluded evidence in similar circumstances where allegations of discrimination by employees other than the plaintiff have been offered at trial to prove the plaintiff's claims. In Haskell v. Kaman Corp., 743 F.2d 113 (2d Cir. 1984), the Second

Circuit held that testimony concerning the employment experiences of other employees is not relevant to an employment discrimination plaintiff's claims, and should be excluded. The court held that the trial court erred in permitting the testimony of six former employees concerning their "subjective evaluations of their own and of their fellow officers' performance without furnishing the bases for their evaluation." Id. at 121. The court held that aside from presenting unnecessary collateral issues, the testimony of these witnesses provided "no basis for an inference of discrimination." Id. (citations omitted).

In Garraghty v. Jordan, 830 F.2d 1295 (4th Cir. 1987), the court concluded that testimony from current or former employees of a corporate defendant regarding their terminations, and/or any alleged mistreatment at work which is unrelated to the plaintiff, is inadmissible at trial. The plaintiff attempted to prove his allegations of discrimination by calling other employees to describe occasions when they felt they had been subjected to mistreatment by their supervisors. In affirming the decision of the trial court to exclude this evidence, the Fourth Circuit noted that "the evidence excluded by the court on the defendants' motion in limine was clearly irrelevant as well as confusing." Garraghty, 830 F.2d at 1298 (emphasis added). See also Franco-Rivera v. Chairman of Bd. of Directors of Federal Deposit Ins. Corp., 751 F. Supp. 13, 14 n.1 (D.P.R. 1990) (excluding testimony of plaintiff's co-workers regarding their discriminatory complaints on the grounds of relevancy because they would not support plaintiff's individual claims).

In the instant case, Defendant Masse's complaint alleging age discrimination[2] (Plaintiff's proposed Exhibit number 40) and email correspondence between Mr. Masse and

[2] This argument includes any and all testimony Plaintiff will seek to elicit from the witnesses pertaining to Mr. Masse's own complaints of alleged age discrimination.

Plaintiff (following Mr. Masse's January, 2003 resignation from Quebecor) regarding his new position and the name of Plaintiff's attorney (Plaintiff's proposed Exhibit number 34) are irrelevant to Plaintiff's own claim that Quebecor terminated his employment on the basis of his age and not because he lost his only major client.[3] Mr. Masse testified that commencing late in the Summer of 2002, he believed that older sales managers in other Quebecor divisions were terminated or resigned. (Masse Dep. 143-44).[4] Mr. Masse's complaint likewise temporally limits his allegations of age discrimination at Quebecor to commencing at some point months *after* Plaintiff was terminated (See Exhibit "B" to DiOrio Declaration No. 2). Thus, Mr. Masse's own allegations of discrimination only encompass a period of time some months following Plaintiff's termination of June 14, 2002, and further, only encompass a period of time between September, 2002 and January 3, 2003 – a period lasting only some four months.

Beyond this, unlike Plaintiff herein, Mr. Masse was not terminated from Quebecor. Mr. Masse resigned his position (See Masse Dep. at p. 138). Further, Mr. Masse was the Sales Manager at the Pawtucket facility, and did not perform the same job functions as Plaintiff herein performed. (Id. at p. 9). Accordingly, Mr. Masse's situation is not even closely related to Plaintiff's allegations – neither temporally nor based upon similar facts (such as performance, insubordination and/or loss of clients, or position within the Company). Again, Plaintiff transparently seeks to introduce this information for one solitary reason – to allow the jury to hear about the only other complaint of age Plaintiff heard about, in order to be unduly swayed to believe that age was a substantial factor in Plaintiff's termination.

---

3 Plaintiff's proposed exhibits numbered 34 and 40 are annexed to Declaration No. 2 of Anthony J. DiOrio, Esq., submitted in support of Quebecor's motions *in limine* (DiOrio Dec. No. 2) as Exhibits A and B, respectively.

4 The relevant pages from Mr. Masse's deposition are annexed to the DiOrio Dec. No. 2 as Exhibit C.

Further, Mr. Masse, as Plaintiff's supervisor, is familiar with the circumstances surrounding Plaintiff's termination and the loss of his only major client, Vinyl Pak. Prior to his termination, Mr. Masse repeatedly advised Plaintiff that: (1) he needed to increase his sales base (i.e. number of customers) (See Masse Dep. at p. 31), (2) that it was dangerous for him, and the company, to have "all his eggs in one basket" (Id.), and (3) if he lost the Vinyl Pak account he would be terminated (See Masse Dep. at pp. 32-33). Accordingly, any evidence or testimony regarding Mr. Masse's complaint of discrimination against Quebecor should be precluded as it is irrelevant to Plaintiff's claims.

**A. THE LIMITED PROBATIVE VALUE OF CO-WORKER TESTIMONY IS SUBSTANTIALLY OUTWEIGHED BY ITS EXTREMELY PREJUDICIAL NATURE AND SHALL LIKELY CONFUSE AND CONFOUND THE JURY.**

Even if evidence concerning allegations of discrimination by Mr. Masse against Quebecor were somehow deemed relevant to Plaintiff's claims in this case (which they are not), such evidence should be excluded under Federal Rule of Evidence 403 because its probative value would be far outweighed by its potential for confusing the jury with collateral issues, unfairly prejudicing Quebecor and Mr. Masse and unnecessarily delaying the trial. In analogous cases where plaintiffs alleging employment discrimination have sought to prove their claim through evidence of discrimination against other employees, which are unrelated to that particular plaintiff, courts have consistently found that it is appropriate to exclude the evidence because of its highly prejudicial effect on the jury. For example, in Moorhouse v. The Boeing Company, 501 F. Supp. 390 (E.D. Pa.), aff'd without opinion, 639 F.2d 774 (3d Cir. 1980), the court emphasized that the type of evidence Plaintiff is seeking to introduce in the instant case is highly prejudicial in nature. The plaintiff in Moorhouse alleged that his employer terminated his

employment as part of a "pattern or practice" of discrimination against older employees. The plaintiff sought to introduce testimony of other employees that they too had been laid off because of their age. The district court prohibited the plaintiff from presenting this testimony, on the grounds that "the prejudice resulting from permitting each witness . . . to testify about the circumstances of his departures . . . substantially outweighed the probative value of the testimony." Moorhouse, 501 F. Supp. at 393. The court stressed that special care must be taken to preclude evidence that may confuse the jury or prejudice the defendant. According to the court: "[e]ven the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that [the] defendant had laid him off because of his age." Id. at 393 n.4 (emphasis added). The First Circuit is in accord. See also Ramos-Melendez v. Valdejully, 960 F.2d 4, 6 (1st Cir. 1992) (affirming magistrate judge's exclusion of testimony by other employees who also had pending lawsuits for employment discrimination against the employer because "for their testimony to be significant it would be necessary in effect to try their cases, as well as the plaintiffs."); Sorba v. Pennsylvania Drilling Company, 648 F. Supp. 292, 293-94 (W.D. Pa. 1986), rev'd on other grounds, 821 F.2d 200 (3d Cir. 1987) (absent pattern of age discrimination, testimony regarding the discharges of two former employees other than the plaintiff was excluded under Fed. R. Evid. 403).

If evidence regarding Mr. Masse's pending lawsuit against Quebecor is admitted, Quebecor will be in the position of having to present evidence to rebut it. Presentation of evidence on such tangential issues unrelated to Plaintiff's claims will unduly delay and lengthen the trial. In addition, allowing this evidence will result in a "mini-trial" of the claims raised by Mr. Masse, further adding to the potential for jury confusion. Further, and most important, if the jury believes Quebecor engaged in discrimination with respect to Mr. Masse, who is the same

age as Plaintiff and a co-Defendant in the case, the jury will likely conclude that Plaintiff was also subjected to discrimination without direct or circumstantial proof of same. Clearly, the danger of unfair prejudice from such evidence substantially outweighs any possible probative value from evidence of discrimination allegedly experienced by Mr. Masse. Accordingly, all evidence and references pertaining to Mr. Masse's pending state court lawsuit against Quebecor should be excluded.

Furthermore, keeping all this evidence from the jury will permit a fair trial to be conducted by all parties. The jury will be able to determine what the court will have asked this jury to determine, to wit: did Defendants discriminate against this Plaintiff based upon what allegedly happened to him – not some third party (who has yet to prove his claims in any event).

**B. THE COURT SHOULD LIKEWISE NOT ENTERTAIN PLAINTIFF'S ATTEMPT TO USE PROPOSED EXHIBITS 34 OR 40 TO IMPEACH ANY TESTIMONY GIVE BY MASSE OR ANY OTHER WITNESS.**

Based on the foregoing, and after the Court understands how disparate and dissimilar Mr. Masse's complaint is to Plaintiff's present claims, the Court should likewise not permit Plaintiff to use proposed Exhibit 40, or any other document regarding Mr. Masse's own complaints of age discrimination, to impeach any potential testimony. Because Masse's complaint is temporally remote in time to Plaintiff's employment, no proper question could be asked by Plaintiff for which the complaint could be used to impeach Mr. Masse. So too, his email to Plaintiff requesting information about Plaintiff's attorney would have the same effect as Masse's complaint in front of the jury.

For example, if Mr. Masse were to be asked whether a policy or process existed, *commencing* in September, 2002, whereby Quebecor started to eliminate older employees,[5] the court should sustain an objection based upon relevance, as such an allegation truly has nothing to do with Plaintiff's complaint. On the other hand, were Mr. Masse to be asked whether a "general policy" existed – covering a time period *relevant* to Plaintiff's claims – regardless of Mr. Masse's answer, Exhibit 40 should not be used to "impeach", as the document does not cover the question asked of the witness, and would not get the job done of impeaching his testimony.

Attempting to use this information for "impeachment" purposes will unnecessarily permit Plaintiff to introduce irrelevant evidence to still accomplish the unfairly prejudicial effect of having the jury hear about other, unrelated and unsubstantiated acts of discrimination. For this reason also, the Court should be careful in deciding what evidence can be used for impeachment, and even if it were to believe that such evidence was probative, the fact remains that its prejudicial value far outweighs any probative effect.

Beyond this, it must be remembered that proposed Exhibit 40 was not verified by Mr. Masse and was apparently prepared by his own attorney[6]. To permit examination of this witness regarding the contents of a document, which was ostensibly prepared by his attorney and not signed or verified by the witness, would not only be unfair and improper, but might be violative of the attorney-client privilege. Again, the delay which this trial would encounter in having hearings, etc. regarding the admissibility of this highly irrelevant, yet highly prejudicial, document is simply not worth the insignificant, if not devoid amount of probative value to Plaintiff's complaint herein.

---

5 Alleged at Paragraph 14 of Masse's complaint, Ex. B to DiOrio Declaration No. 2.

6 Mr. Masse is represented by other counsel in his lawsuit against Quebecor, et al.

## III. EVIDENCE RELATED TO PLAINTIFF'S UNREPORTED COMPLAINT OF ALLEGED SEXUAL HARASSMENT SHOULD BE PRECLUDED

Plaintiff should also be precluded from offering any evidence relating to his unreported complaint of alleged sexual harassment.[7] On or about March 7, 2002, Plaintiff prepared an email message to himself to document an alleged instance of sexual harassment by Mr. Masse that occurred on or about February 27, 2002.[8] Notably, Plaintiff never reported the incident to anyone at Quebecor. (Pl. Dep. 171).[9] Thus, Quebecor did not have an opportunity to investigate the incident to determine its veracity. Plaintiff also testified that the alleged incident of sexual harassment was unrelated to his age. Id.

Plaintiff's Complaint does not contain any allegations of sexual harassment. In any event, the alleged incident of sexual harassment would be time-barred. Plaintiff has also admitted that the alleged incident of sexual harassment is not probative of his age discrimination claim. Likewise, there is nothing contained in either proposed Exhibit 15 or page B00040 of proposed Exhibit 14 which have anything to do with any allegations of age discrimination – they are limited to discussing the alleged sex harassment. It is difficult to imagine how Plaintiff could use either document for impeachment purposes if he has already represented to the court that he is not going to raise any allegations of sex harassment in questioning any witnesses. Accordingly, all evidence regarding the alleged incident of sexual harassment should be precluded.

---

7 It is noted that at the final pre-trial conference held with the Court on March 30, 2006, Plaintiff represented to the parties and the court that he would not be seeking to try this case based upon any allegations of sex harassment. However, in the same conference, Plaintiff wished to preserve his right to use the document (proposed Exhibit 15) for "impeachment purposes".

8 See DiOrio Dec. No. 2, Ex. D (page B00040 of Plaintiff's proposed Exhibit 14) and Ex. E (Plaintiff's proposed Exhibit 15).

9 The relevant pages from Plaintiff's deposition are annexed to the DiOrio Dec. No. 2 as Exhibit F.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendants respectfully request that the Court grant this motion *in limine*, and for such further and different relief as the Court may deem just and proper.

Respectfully submitted,

Anthony J. DiOrio (R.I. Bar # 3419)
Attorney for Corporate Defendants

Dated: April 3, 2006
Providence, Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM J. BURELLE,** **Plaintiff,** | | |
| **- against -** | | **C.A. No.: 04-414 S** |
| **QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE,** **Defendants.** | | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within Motion *In Limine* has been served by mailing a copy of the same, via Federal Express, this 3rd day of April 2006, to:

Melissa Horne, Esq.
Wingrad, Shine & Zacks, P.C.
123 Dyer Street
Providence, Rhode Island 02903
*Attorney for Plaintiff*

Joseph J. Altieri, Esq.
Joseph J. Altieri, Ltd.
301 Metro Center Blvd., Suite 102
Warwick, Rhode Island 02886
*Attorney for Defendant Masse*

Anthony J. DiOrio, Esq.