STATE OF RHODE ISLAND
PROVIDENCE, S.C.

SUPERIOR COURT

ERNEST J. MASSE

vs.

C.A. No: 05-3222

QUEBECOR WORLD PACKAGING GRAPHICS, INC.
f/k/a QUEBECOR WORLD PACKAGING GRAPHICS,
Alias John Doe, and

QUEBECOR WORLD PRINTING (USA) CORP.,
Alias John Doe, and

FRAN CANZANO,
Alias John Doe, and

GARY STIFFLER,
Alias John Doe

PLAINTIFF'S EXHIBIT
1.
10/28/05 dpl

**AMENDED COMPLAINT**

Now comes the Plaintiff, ERNEST J. MASSE, and does hereby plead as follows:

1. Plaintiff is an individual residing in Seekonk, Massachusetts;

2. Defendant, QUEBECOR WORLD PACKAGING GRAPHICS, INC. f/k/a QUEBECOR WORLD PACKAGING GRAPHICS ("Quebecor Packaging"), upon information and belief, is a Rhode Island corporation with its principal place of business at 60 Delta Drive, Pawtucket, Rhode Island.

3. Upon information and belief, Defendant QUEBECOR WORLD PRINTING (USA) CORP. ("Quebecor World") is a Delaware corporation with its principal place of business at 340 Pemberwick Road, Greenwich, Connecticut.

4. Defendant, Fran Canzano's ("Canzano"), residency is unknown to the Plaintiff, but is believed to be or have been the president of Quebecor World;

SUPERIOR COURT
FILED

5. Defendant, Gary Stiffler ("Stiffler"), is a resident of Franklin, Massachusetts, and was the Vice President of Operations;

6. Plaintiff's date of birth is February 11, 1944, and accordingly, Plaintiff is an individual protected by the State Fair Employment Practices Act; and the Age Discrimination in Employment Act of 1967;

7. Plaintiff had been employed by the Defendant(s) on or before September 1, 2002, continuously through January 7, 2003;

8. Plaintiff has been employed for a period of approximately six (6) years at the same facility which was acquired by the Defendant Quebecor World Printing (USA), Corp. and became known as Quebecor World Packaging Graphics. Inc.;

9. Plaintiff held the position of Senior Sales Executive at the time of discharge on or about January 7, 2003;

10. Prior to September 1, 2002, Plaintiff held the position of Sales Manager;

11. Quebecor Packaging is a printing company engaged in interstate commerce which employed more than twenty employees for each working day in each of twenty or more calendar weeks in the current year;

12. Quebecor World has sufficient control over the operations and personnel decisions of Quebecor Packaging that it is liable for the unlawful action so f Quebecor Packaging;

13. During his employment by Quebecor Packaging, Plaintiff met all legitimate job performance expectations;

14. During the late summer of 2002, the Defendants began a systematic process of either terminating older sales representatives, encouraging their resignation, their early retirement, or

increased productivity and sales quotas and demands for the older employees;

15. As older employees left the Defendants' employ, their work and/or accounts were either assigned to younger less qualified employees, or were assumed by the corporation without assignment to the exclusion of the older sales representatives;

16. During a corporate meeting in or around the fall of 2002 ("Corporate Meeting"), Canzano stated that he wanted "young sales people with fire in their belly";

17. Subsequent to the Corporate Meeting, the terms and conditions of the Plaintiff's employment substantially changed;

18. On or about September 1, 2002, the Defendants demoted the Plaintiff to the position of Senior Sales Associate;

19. The conditions of the demotion required the Plaintiff to reimburse the Defendants for sales falling short of quotas;

20. On or about January 7, 2003, the Plaintiff had no reasonable alternative than to terminate employment and seek alternative, less rewarding, employment;

21. Age was a determinative factor in all of the Defendants' actions leading to the Plaintiff's termination;

22. Plaintiff protested his unlawful termination and timely filed charges of discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the Equal Opportunity Commission (EEOC");

23. On June 14, 2005, Plaintiff received notice that more than one hundred and twenty (120) days and less than two (3) years had elapsed since the charge was filed with the RICHR and the EEOC, the RICHR failing to secure a settlement or conciliation

agreement, failing to commence hearings, and the complainant, Plaintiff, requesting a Right to Sue;

24. the RICHR issued a Notice of Right to Sue to Plaintiff on June 14, 2005;

25. The EEOC right to sue was requested on or about June 9, 2005, and is expected to issue forthwith;

26. Defendants created a hostile work environment due to the Plaintiff's age in violation of the State Fair Employment Practices Act; and the Age Discrimination in Employment Act of 1967;

27. Defendants subjected the Plaintiff to demotion due to age in violation of the State Fair Employment Practices Act or the Rhode Island Civil Rights Act of 1990, or the Age Discrimination in Employment Act of 1967;

28. Defendants subjected the Plaintiff to conditions resulting in a significant reduction in the Plaintiff's earnings due to age in violation of the State Fair Employment Practices Act, or the Rhode Island Civil Rights Act of 1990, or the Age Discrimination in Employment Act of 1967;

29. The violations of the in violation of the State Fair Employment Practices Act, or the Rhode Island Civil Rights Act of 1990, or the Age Discrimination in Employment Act of 1967 were willful and/or intentional;

30. Plaintiff suffered, and continues to suffer, injury as a direct and proximate result of the Defendant's violation of the State Fair Employment Practices Act or the Rhode Island Civil Rights Act of 1990, or the Age Discrimination in Employment Act of 1967;

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment against the Defendants and award the Plaintiff damages,

jointly and severally, against the Defendants as follows:

a. Damages restoring the Plaintiff to the financial position he would be in, together with interest thereon, had employment continued in the same fashion prior to his demotion;

b. Compensatory damages consistent with Rhode Island General Law §28-5-24(3)(b);

c. Liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §626(b) and 29 U.S.C. §216(b);

d. Punitive or exemplary damages consistent with Rhode Island General Law §42-112-2; and

e. Damages in an amount sufficiently within the jurisdictional limits of this Honorable Court, together with interest costs, reasonable attorney fees and such further relief as this court deem just.

**PLAINTIFF CLAIMS A RIGHT TO TRIAL BY JURY OF ALL CLAIMS SO TRIABLE**

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

Date: