ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM J. BURELLE, Plaintiff, | : | |
| - against - | : | C.A. No.: 04-414 S |
| QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE, Defendants. | : | |

**<u>MOTION *IN LIMINE* No. 3 TO EXCLUDE EXHIBITS AND/OR TESTIMONY REGARDING STATISTICAL EVIDENCE</u>**

Defendants Quebecor World Pawtucket f/k/a Quebecor World Packaging Graphics and Quebecor World Printing (USA) Inc. (hereinafter collectively referred to as "Quebecor" or "Defendants"), by and through their undersigned counsel, hereby move the Court *in limine* to exclude Plaintiff's proposed exhibits numbered 12 (containing a list of employees who left Quebecor during the years 2001 and 2002) and 13 (a workforce profile showing the sales representatives for 2001, 2002 and 2003, containing the individuals' names, dates of birth and hire dates. For the reasons set forth below, such evidence is irrelevant and should not be admitted at trial.

## ARGUMENT

## PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING STATISTICAL EVIDENCE THAT IS NOT PROBATIVE OF INTENIONAL AGE DISCRIMINATION UNDER A DISPARATE TREATMENT THEORY

Plaintiff seeks to introduce exhibits showing lists of all employees who either: (a) left Quebecor (both voluntary and involuntary) during the years 2000 and 2001, or (b) was a profile of the sales reps, showing dates of hire and dates of birth, for 2001, 2002 and 2003, all in support of his claim of age discrimination.[1] Exhibit "A" demonstrates that over a two-year period seven (7) employees in the Sales Department left Quebecor.[2] Beyond this, some of the seven employees were *not* Sales Representatives as Plaintiff was, and their respective resignations/terminations have no meaning vis-à-vis Plaintiff's employment or termination. Also, two of the Sales Department employees resigned and the other five, including Plaintiff, were terminated. At the time of their termination, two of the employees, David Williamson (age 38) and Frances Bezilla (age 39), were under 40 years old and two employees, Robert Gormally (age 43) and Jeffrey Roper (age 40), were at least 40 years old but substantially younger than Plaintiff. This evidence is statistically insignificant and should not be introduced at trial.

Likewise, Exhibit "B" only shows the number of Sales Representatives[3] and their ages, for a period of time during Plaintiff's employment and thereafter. This proposed Exhibit

1 Plaintiff's Proposed Exhibit 12 is annexed to the Declaration of Anthony J. DiOrio, Esq. (DiOrio Dec.") as Exhibit "A.", while Proposed Exhibit 13 is annexed to the Declaration as Exhibit "B".

2 The employees were Plaintiff, Robert Gormally, David Williamson, Frances Bezilla, Jeffrey Roper, Kenneth Porter and Susan Scichilone. Most of these employees were *not* sales representatives, but worked in the Sales Department.

3 There were twelve reps in 2001, ten reps in 2002 and seven reps in 2003.

likewise lacks probative value (other than to show that Plaintiff was indeed not replaced as claimed, but rather that the sales force was constantly dwindling).

**A. Statistical Evidence With A Sample Size Of Five Employees Is Not Admissible To Prove That Plaintiff Was Intentionally Discriminated Against Because Of His Age.**

Plaintiff has not alleged that Defendants exhibited a pattern and practice of discrimination against older employees. Rather, he alleges that he was treated differently and terminated because of his age. "Valid statistical evidence may play a helpful role in disparate treatment cases, but only if it tends to prove the discriminatory intent of the decision makers involved. That often will be difficult." Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 32 (1st Cir. 2003). Further, statistical evidence may be excluded if it is irrelevant. See McMillan v. Mass. Soc'y for the Prevention of Cruelty to Animals, 140 F.3d 288, 303 (1st Cir. 1998). See also Mack v. Great Atlantic and Pacific Tea Co., 877 F.2d 179, 184 n.3 (1st Cir. 1989) (stating that "it is difficult to visualize how the data would have been admissible in this [disparate treatment] case."); Lawton v. State Mutual Life Assurance Co. of Am., 924 F. Supp. 331, 341 (D. Mass. 1996). ("in an action for disparate treatment, as opposed to one for disparate impact, statistical evidence is of little probative value and may be inadmissible.").

As discussed above, only five employees in the Sales Department were terminated in the years 2001 and 2002. Whether employees in other departments were terminated or resigned is irrelevant as these employees are not similarly situated to Plaintiff. See Perkins v. Brigham & Women's Hospital, 78 F.3d 747, 751 (1st Cir. 1996). Further, "a company's overall employment statistics will, in at least many cases, have little direct bearing on the specific intentions of the employer when dismissing a particular individual." LeBlanc v. Great American Ins. Co., 6 F.3d 836, 848 (1st Cir. 1993). "'Without an indication of a connection between the

statistics,' the practices of the employer, and the employee's case, statistics alone are likely to be inadequate to show that the employer's decision to discharge the employee was impermissibly based on age." Id. (quoting Gadson v. Concord Hosp., 906 F.2d 32, 35 (1st Cir. 1992)). Further, at least one court in the First Circuit has questioned whether a plaintiff may even present raw data to a jury without accompanying statistical analysis. See Bloom v. AGFA Corp., C.A. No. 90-10856, 1994 U.S. Dist. LEXIS 13797, *14 n.8 (D. Mass. Aug. 10, 1994), aff'd, 1995 U.S. App. LEXIS 8983 (1st Cir. Apr. 18, 1995).[4] The raw data Plaintiff proposes to use as an exhibit demonstrating that three of five employees in the Sales Department terminated by Quebecor during 2001 and 2002 were at least forty (40) years old is clearly not probative of intentional age discrimination directed toward Plaintiff.

Judge Selya, in Mack, *supra*, in rejecting the plaintiff's attempt to use statistics to show a low percentage of blacks and females in upper-level positions at the employer, stated:

> [W]e are left in the dark as to whether – and how – personnel and recruitment practices varied over time. Then, too, plaintiff proffered no expert testimony or other insights to show the probativeness of the figures, their likely statistical significance, or the inferences which might properly be drawn from them. For these reasons, the naked numbers, standing unadorned and unexplained, lacked sufficient convictive force to derail [employee's] summary judgment initiative...Fudge v. City of Providence Fire Dep't., 766 F.2d 650, 658 (1st Cir. 1985) (where data base is narrow, "the better approach is for the courts to require a showing that the disparity is statistically significant, or unlikely to have occurred by chance, applying basic statistical tests as the method of proof") (other citations omitted).

871 F.2d at 184. Accordingly, the "naked and unadorned" proposed Exhibits should not be allowed into evidence in this matter. The sample size of only five terminations in the Sales Department over a two-year period is not statistically significant and it cannot be probative of age discrimination. Such irrelevant and immaterial evidence must be excluded because "for such

---

4 For the Court's convenience, a copy of Bloom is annexed to the DiOrio Dec. as Exhibit "B."

statistical evidence to be probative . . . the sample must be large enough to permit an inference that [discrimination] was a determinative factor in the employer's decision." Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir. 1984). "Courts have consistently rejected similar statistical samples as being too small to be meaningful." Id. (holding that there was no basis for an inference of discrimination because ten discharges over an 11-year period of time was "too small to be meaningful" and, thus, not "statistically significant") (citing cases)).

**CONCLUSION**

WHEREFORE, for all the foregoing reasons, Defendants respectfully request that the Court grant this motion *in limine*, and for such further and different relief as the Court may deem just and proper.

Respectfully submitted,

Anthony J. DiOrio (#3419)
Attorney for Quebecor Defendants

Dated: April 3, 2006
Providence, Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

---------------------------------------------------------------X

**WILLIAM J. BURELLE,** :
:
**Plaintiff,** :
:
**- against -** : **C.A. No.: 04-414 S**
:
**QUEBECOR WORLD PAWTUCKET f/k/a** :
**QUEBECOR WORLD PACKAGING** :
**GRAPHICS; QUEBECOR WORLD PRINTING:**
**(USA) INC.; and ERNEST MASSE,** :
**Defendants.** :

---------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within Motion *In Limine* has been served by mailing a copy of the same, via Federal Express, this 3rd day of April 2006, to:

Melissa Horne, Esq.
Wingrad, Shine & Zacks, P.C.
123 Dyer Street
Providence, Rhode Island 02903
*Attorney for Plaintiff*

Joseph J. Altieri, Esq.
Joseph J. Altieri, Ltd.
301 Metro Center Blvd., Suite 102
Warwick, Rhode Island 02886
*Attorney for Defendant Masse*

Anthony J. DiOrio, Esq.