**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM J. BURELLE**<br><br>**Plaintiff,**<br>**v.**<br><br>**QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE**<br>**Defendants.** | : | **C.A. No. 04-414 S** |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNEMPLOYMENT COMPENSATION**

Plaintiff, William Burelle, files this Motion in Limine to exclude from the trial of this matter any evidence of or reference to unemployment compensation received by Plaintiff following his discharge by the defendants. As support for this motion, Plaintiff relies on the accompanying Memorandum in Support of Motion in Limine to Exclude Evidence of Unemployment Compensation.

WHEREFORE, Plaintiff, William Burelle, requests this Court to enter an Order barring any evidence of or reference to unemployment compensation received by Plaintiff following his discharge by the defendants.

**WILLIAM J. BURELLE**

By his Attorneys,

WINOGRAD, SHINE & ZACKS, P.C.

Melissa Horne

Melissa M. Horne, Esq.
State Bar No. 5291
Lynn K. Gifford, Esq.
State Bar No. 6648
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: April 3, 2006

**CERTIFICATION**

I hereby certify that on April 3rd, 2006, I forwarded a true copy of the within document to Joseph J. Altieri, Esq., Joseph J. Altieri, Ltd., 301 Metro Center Boulevard, Suite 102, Warwick, RI 02886 and Anthony J. DiOrio, Esq., One North Broadway, Suite 1502, White Plains, NY 10601 by facsimile and regular mail.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM J. BURELLE**<br><br>**Plaintiff,**<br>**v.**<br><br>**QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE**<br>**Defendants.** | : | **C.A. No. 04-414 S** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNEMPLOYMENT COMPENSATION**

As support for his Motion in Limine to exclude from the trial of this matter any evidence of or reference to unemployment compensation received following his discharge by the defendants, Plaintiff, William Burelle, states as follows:

Defendants discharged William Burelle from his employment as a sales representative for Defendant Quebecor World Pawtucket f/k/a Quebecor World Packaging Graphics on June 14, 2002. Following his termination, Burelle received a total of $16,185 in unemployment benefits. The defendants assert that the amount of these benefits should be deducted from any back-pay damages awarded to Plaintiff by the jury. *See* Defendants' Request to Charge No. 29.

The First Circuit has not yet taken a "firm position" on whether collateral-source payments should be deducted from back

pay awards. *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 18 n. 16 (1st Cir. 1999). Indeed, the circuit courts of appeal are generally in disagreement on this issue. *See Id.* (analyzing split among circuits). The First Circuit has noted, however, that it "tend[s] to agree with those courts that have held the interplay between collateral benefits and back pay to be a matter within the district court's discretion." *Lussier v. Runyon*, 50 F.3d 1103, 1109 (1st Cir. 1995).

The collateral source rule provides "'that benefits received by the plaintiff from a source collateral to the defendant may not be used to reduce that defendant's liability for damages.'" *Lussier*, 50 F.3d at 1107 (1st Cir. 1995)(quoting 1 Dan B. Dobbs, *Law of Remedies* § 3.8(1) at 372-73 (2d ed. 1993)). The rule is viewed as particularly applicable to employment discrimination cases because backpay awards serve both to make victimized employees whole and to deter future discrimination. *Gaworski v. ITT Commercial Finance Corp.*, 17 F.3d 1104, 1112-13 (8th Cir. 1994). "Reducing a backpay award by unemployment paid to the employee, not by the employer, but by a state agency . . . , makes it less costly for the employer to wrongfully terminate a protected employee and thus dilutes the prophylactic purposes of a backpay award." *Id.* at 1113 (citation omitted). As a result, the employer who illegally discriminates receives a windfall because "the employer winds up paying less to the employee than

it would have had it not illegally terminated him." *Id.*

Based on this analysis, this Court should exercise its discretion to rule that unemployment compensation received by William Burelle following his discharge by the defendants may not be deducted from any backpay awarded by the jury. Moreover, because the unemployment benefits received by William Burelle may not be deducted from any backpay awarded by the jury, evidence of such benefits is not relevant and should be excluded pursuant to Fed.R.Evid. 402.

**WILLIAM J. BURELLE**

By his Attorneys,

WINOGRAD, SHINE & ZACKS, P.C.

Melissa Horne

Melissa M. Horne, Esq.
State Bar No. 5291
Lynn K. Gifford, Esq.
State Bar No. 6648
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: April 3, 2006

**CERTIFICATION**

I hereby certify that on April 3rd, 2006, I forwarded a true copy of the within document to Joseph J. Altieri, Esq., Joseph J. Altieri, Ltd., 301 Metro Center Boulevard, Suite 102, Warwick, RI 02886 and Anthony J. DiOrio, Esq., One North Broadway, Suite 1502, White Plains, NY 10601 by facsimile and regular mail.

[signature]