**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **WILLIAM J. BURELLE**<br>**Plaintiff,**<br>**v.**<br>**QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE**<br>**Defendants.** | **C.A. No. 04-414 S** |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXHIBITS AND/OR TESTIMONY REGARDING RICHR OR EEOC FILINGS, CHARGE, FINDINGS AND RELATED DOCUMENTS**

Plaintiff, William Burelle, objects to Defendants' Motion in Limine to Exclude Exhibits and/or Testimony Regarding RICHR or EEOC Filings, Charge, Findings and Related Documents for the reasons stated in his Memorandum in Support of Plaintiff's Objection to Defendants' Motion in Limine to Exclude Exhibits and/or Testimony Regarding RICHR or EEOC Filings, Charge, Findings and Related Documents.

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendants' Motion in Limine to Exclude Exhibits and/or Testimony Regarding RICHR or EEOC Filings, Charge, Findings and Related Documents.

**WILLIAM J. BURELLE**

By his Attorneys,

WINOGRAD, SHINE & ZACKS, P.C.

Melissa Horne

Melissa M. Horne, Esq.
State Bar No. 5291
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: 4/6/06

**CERTIFICATION**

I hereby certify that on April 6th, 2006, I forwarded a true copy of the within document to Joseph J. Altieri, Esq., Joseph J. Altieri, Ltd., 301 Metro Center Boulevard, Suite 102, Warwick, RI 02886 and Anthony J. DiOrio, Esq., One North Broadway, Suite 1502, White Plains, NY 10601 by facsimile and regular mail.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM J. BURELLE<br>Plaintiff,<br>v.<br>QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE<br>Defendants. | C.A. No. 04-414 S |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXHIBITS AND/OR TESTIMONY REGARDING RICHR OR EEOC FILINGS, CHARGE, FINDINGS AND RELATED DOCUMENTS**

Plaintiff, William Burelle, objects to Defendants' Motion in Limine to Exclude Exhibits and/or Testimony Regarding RICHR or EEOC Filings, Charge, Findings and Related Documents for the reasons stated in his Memorandum in Support of Plaintiff's Objection to Defendants' Motion in Limine to Exclude Exhibits and/or Testimony Regarding RICHR or EEOC Filings, Charge, Findings and Related Documents.

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendants' Motion in Limine to Exclude Exhibits and/or Testimony Regarding RICHR or EEOC Filings, Charge, Findings and Related Documents.

**WILLIAM J. BURELLE**

By his Attorneys,

WINOGRAD, SHINE & ZACKS, P.C.

Melissa Horne

Melissa M. Horne, Esq.
State Bar No. 5291
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: 4/6/06

**CERTIFICATION**

I hereby certify that on April 6th, 2006, I forwarded a true copy of the within document to Joseph J. Altieri, Esq., Joseph J. Altieri, Ltd., 301 Metro Center Boulevard, Suite 102, Warwick, RI 02886 and Anthony J. DiOrio, Esq., One North Broadway, Suite 1502, White Plains, NY 10601 by facsimile and regular mail.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM J. BURELLE<br><br>Plaintiff,<br>v.<br><br>QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE | : | C.A. No. 04-414 S |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTION IN LIMINE TO EXCLUDE EXHIBITS AND/OR TESTIMONY REGARDING RICHR OR EEOC FILINGS, CHARGE, FINDINGS AND RELATED DOCUMENTS**

Plaintiff, William Burelle, objects to the Motion in Limine to Exclude Exhibits and/or Testimony Regarding RICHR or EEOC Filings, Charge, Findings and Related Documents filed by Defendants Quebecor World Pawtucket f/k/a Quebecor World Packaging Graphics and Quebecor World Printing (USA) Inc. (hereinafter referred to collectively as Quebecor) for the following reasons:

The exhibits Quebecor seeks to exclude include various materials submitted to the Rhode Island Human Rights Commission by the parties in connection with the investigation of Burelle's Charge of Discrimination, as well as the Commission's letter finding of probable cause and the Right to Sue letter issued to Burelle. With the exception of Exhibit 33, each of the exhibits

at issue are proposed to demonstrate age discrimination or pretext.[1]

Fed.R.Evid. 803(8)(c) provides in pertinent part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . (C) in civil actions and proceedings . . . , factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed.R.Evid. 803(8)(c).

Although findings of the Equal Employment Opportunity Commission ("EEOC") (or agencies performing a similar function) "in general may be significant evidence, their probative value in individual cases varies considerably. . . ." *Smith v. Massachusetts Institute of Technology*, 877 F.2d 1106, 1113 (1st Cir. 1989). As a result, the determination of whether to admit investigative materials and findings pursuant to Rule 803(8)(c) must be made by the trial court on a case-by-case basis. *Id.*

In this case, Burelle seeks to introduce not only the RICHR's probable cause finding but also the investigative materials that support that finding. The purpose for doing so is to establish that Quebecor has, at different times, articulated to various audiences different explanations of the circumstances surrounding Burelle's termination. As noted in *Dominguez-Cruz v.*

---

[1]Exhibit 33 is proposed to show Burelle's compliance with jurisdictional requirements.

*Suttle Caribe, Inc.*, "when a company, at different times, gives different and arguably inconsistent explanations, a jury may infer that the articulated reasons are pretextual." 202 F.3d 424, 432 (1st Cir. 2000). For this reason, the disputed exhibits should be admitted for the jury to consider and give such weight as it determines is appropriate given all the other evidence in the case.

For all of the above reasons, Quebecor's Motion in Limine to Exclude Exhibits and/or Testimony Regarding RICHR or EEOC Filings, Charge, Findings and Related Documents should be denied.

Alternatively, the Court should withhold determination on this evidence until and if Plaintiff seeks to refer to or introduce this evidence at trial.

**WILLIAM J. BURELLE**

By his Attorneys,

WINOGRAD, SHINE & ZACKS, P.C.

Melissa Horne

Melissa M. Horne, Esq.
State Bar No. 5291
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: 4/6/06

**CERTIFICATION**

I hereby certify that on April 6th, 2006, I forwarded a true copy of the within document to Joseph J. Altieri, Esq., Joseph J. Altieri, Ltd., 301 Metro Center Boulevard, Suite 102, Warwick, RI 02886 and Anthony J. DiOrio, Esq., One North Broadway, Suite 1502, White Plains, NY 10601 by facsimile and regular mail.