**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM J. BURELLE**<br>**Plaintiff,**<br>**v.**<br><br>**QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE**<br>**Defendants.** | : | **C.A. No. 04-414 S** |

**PLAINTIFF'S MOTION FOR NEW TRIAL**

Pursuant to Fed.R.Civ.P. 59, Plaintiff, William Burelle, moves this Court for an order granting him a new trial because the jury's verdict is so clearly against the weight of the evidence as to amount to a miscarriage of justice. In addition, the Court erred in denying the admission of certain evidence which would have tipped the weight of the evidence even further in favor of William Burelle, thereby prejudicing Plaintiff's substantive rights.

As support for this motion, Plaintiff relies on the accompanying Memorandum in Support of Plaintiff's Motion for New Trial.

WHEREFORE, Plaintiff, William Burelle, respectfully requests that this Court enter an order granting him a new trial.

**WILLIAM J. BURELLE**

By his Attorneys,

WINOGRAD, SHINE & ZACKS, P.C.

Melissa Horne

Melissa M. Horne, Esq.
State Bar No. 5291
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: April 28, 2006

**CERTIFICATION**

I hereby certify that on April 28, 2006, I forwarded a true copy of the within document to Joseph J. Altieri, Esq., Joseph J. Altieri, Ltd., 301 Metro Center Boulevard, Suite 102, Warwick, RI 02886 and Anthony J. DiOrio, Esq., One North Broadway, Suite 1502, White Plains, NY 10601 by regular mail.

______________________________

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM J. BURELLE<br>Plaintiff,<br>v.<br>QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE<br>Defendants. | C.A. No. 04-414 S |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR NEW TRIAL**

As support for his Motion for New Trial, Plaintiff, William J. Burelle, states as follows:

I. **Background**

This case involves a claim by the plaintiff, William J. Burelle, that the defendants, Quebecor World Pawtucket f/k/a Quebecor World Packaging Graphics, Quebecor World Printing (USA) Inc., and Ernest Masse (collectively, "Defendants"), subjected him to intentional discriminatory treatment based upon his age which culminated in his termination in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, et seq, the Rhode Island Fair Employment Practices Act of 1967, R.I. Gen. Laws §28-5-1 et seq., and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws §42-112-1. The case was tried to a jury for four days, beginning on April 10, 2006. On April 14, 2006, the jury returned a verdict in favor of the defendants.

Judgment was entered on the same day. Plaintiff now files this timely motion requesting that this Court enter an order granting a new trial.

II. **Argument**

Fed.R.Civ.P. 59 provides that a new trial may be granted in a case tried to a jury "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." The First Circuit Court of Appeals has held, "Verdicts may be set aside and new trial granted, when the verdict is contrary to the clear weight of the evidence, or whenever in the exercise of sound discretion the trial judge thinks this action necessary to prevent a miscarriage of justice." *Torres-Troche v. Municipality of Yauco*, 873 F.2d 499, 500 (1st Cir. 1989). In evaluating a motion for new trial, "the district court has broad legal authority to determine whether or not a jury's verdict is against the 'clear weight of the evidence.'" *de Perez v. Hospital del Maestro*, 910 F.2d 1004, 1006 (1st Cir. 1990).

In this case, the jury's verdict is so clearly against the weight of the evidence as to amount to a miscarriage of justice. Moreover, Burelle contends that the Court erred in denying the admission of certain evidence which would have tipped the weight of the evidence even further in favor of William Burelle, thereby prejudicing Plaintiff's substantive rights.

**A. The jury's verdict is so clearly against the weight of the evidence as to amount to a miscarriage of justice.**

Where a plaintiff suing under the ADEA claims disparate treatment because the employer discriminated against the employee because of the employee's age, liability depends on whether the employee's age actually motivated the employer's discriminatory treatment. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

In such cases, the plaintiff bears the burden of establishing a prima facie case of discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000). To satisfy this burden, the plaintiff must show that (i) he was at least 40 years old; (ii) he met his employer's legitimate job performance expectations; (iii) he was the subject of an adverse employment action; and (iv) the employer had a continuing need for the services the plaintiff had provided. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1013 (1st Cir. 1979). The burden then shifts to the defendant to produce evidence that it acted for a legitimate, nondiscriminatory reason. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). Assuming the employer produces "sufficient evidence to support a nondiscriminatory explanation for its decision," the plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves*, 530

U.S. at 143. A plaintiff may satisfy his ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against him by "persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

In this case, Defendants claimed that they fired Burelle because he failed to develop new accounts, despite having been warned that he needed to do so, and that they had no choice but to fire him when his largest customer requested that Burelle be removed as the salesperson for his account. A careful review of the evidence reveals that the great weight of the evidence supports a finding that Defendants' proffered explanation is unworthy of belief.

The evidence shows that William Burelle, who was 59 years old in the Spring of 2002, had consistently increasing sales on a year-to-year basis and was one of the top performing sales representatives at Quebcor World Pawtucket f/k/a Quebecor World Packaging Graphics ("Packaging Graphics"). Just weeks before he was fired, sales reports were released which showed that Burelle had the highest total quarterly sales and the largest increase over budget of all of Packaging Graphics' direct sales representatives. Despite his high sales figures, on June 14,

2003, Defendants fired Burelle without even telling him why.

Defendants claimed that Mendy Bistrisky, a representative of Vinyl Pak, Burelle's largest customer, called to complain that Burelle had disclosed confidential information to a Vinyl Pak competitor and requested that he be taken off the Vinyl Pak account. The evidence relevant to this issue is so clearly inconsistent with Defendants' assertions, however, that Defendants' claimed legitimate reason must be considered a pretext.

Ernest Masse testified at trial that he received an abrupt telephone call from Mendy Bistritzky, in which Bistritzky told him he did not want Burelle in his plant because he did not trust him and hung up on him. However, this testimony was contradicted by the memorandum authored by Masse and admitted as Exhibit Y. In Exhibit Y, Masse details a much longer chain of events than those to which he testified -- beginning with not with a call from Bistritzky, but from Bill Burelle. In the memo, Masse states that the person Burelle had spoken with *offered* information[1] -- contrary to Masse's testimony that Bistritzky claimed that Burelle *disclosed* confidential information. The memo goes to state that Masse then called Bistritzky to ask "what the problem was." The memo does *not* say that Bistritzky asked to

---

[1] In this regard, the memo is consistent with testimony from Burelle and Masse that Masse had requested that Burelle investigate rumors in the industry regarding Vinyl Pak's operations.

have Burelle taken off the account -- it says Bistritzky "feels Bill knows too much about his business for him to say get rid of him."

The testimony of Mendy Bistritzky is inconsistent with Masse's testimony. Bistritzky did not testify that he told Masse he could no longer trust Burelle, that he told Masse he did not want Burelle to remain the sales rep for his account, or that he asked Masse to take Burelle off his account. Transcript of deposition of M. Bistritzky at pp. 38:8-11; 37:10-13; 81:22-23. Bistritzky simply did not recall having had a conversation with Masse regarding Burelle giving away Vinyl Pak's confidential information nor did he recall making any statements Masse claims he made during that call. Id. at 35:6-11. Moreover, when asked whether he had ever talked to Gary Stiffler about Burelle, Bistritzky testified that he believed he had only met Stiffler once and did not recall whether they talked about Burelle.[2] Id. 38:15-21. Given that both Burelle and Bistritzky acknowledged that they interacted frequently relative to Vinyl Pak's large volume of business, it is inconceivable that Bistritzky would not remember having developed and told Masse of the type of concerns Masse claimed Bistritzky expressed to him.

This evidence, combined with the evidence that no one ever

---

[2] Stiffler testifed that, after having been told by Masse of the call from Bistritsky, he called Bistritsky and offered to have Masse take over the account. This testimony also conflicts with Exhibit Y, in which Masse claims he told Bistritzy he would take over the Vinyl Pak account.

advised Burelle of Bistritzky's alleged complaint, overwhelmingly points to the conclusion that the explanation offered by Defendants to justify Burelle's termination was a pretext, or cover-up, for the fact that Burelle was actually terminated because of his age. No one ever told Burelle why he was being fired was because the real reason is illegal.

The jury's finding that Defendants did not discriminate against William Burelle by terminating him because of his age is so clearly against the weight of the evidence as to amount to a miscarriage of justice and, accordingly should be set aside and a new trial ordered.

**B. The Court erred in precluding testimony by Ernest Masse about statements relative to his own age discrimination claims.**

Counsel for Burelle tried to elicit from Ernest Masse cross-examination testimony relative to statements Masse has made relative to age discrimination claims he has asserted. The subject matter of the testimony concerned the president of the Quebecor New England division's statement that "we want young sales people with fire in their bellies" and Masse's assertions that he believed Quebecor was systematically targeting older sales representatives for adverse employment action. Following an offer of proof made on behalf of Burelle, the Court sustained Defendants' objection that the proffered testimony was beyond the scope of cross-examination. The Court subsequently denied

Burelle's request to call Masse as a rebuttal witness in order to elicit such testimony, as well as Burelle's motions to reconsider the ruling on the scope of cross-examination and to reopen his direct case.

Although the trial judge has considerable discretion in controlling the order and scope of examination of witnesses, including the admission and scope of rebuttal testimony, the court may not sacrifice truth and fairness in the exercise of that discretion. *Lynch v. City of Boston*, 180 F.3d 1, 18 (1st Cir. 1999). Evidence offered in rebuttal should not be automatically excluded just because it could have been admitted in the case in chief. *Throckmorton v. Holt*, 180 U.S. 552, 562 (1900).

In this age discrimination case, the proffered evidence is especially important because it was offered within the McDonald-Douglas burden-shifting paradigm to show that Defendants' alleged legitimate reason for terminating Burelle was a pretext. It was only after Masse's testimony about what he claimed was the reason Burelle was fired that the evidence of Masse's own statements became relevant to Masse's credibility and to demonstrate pretext. Given the obvious probative value of those statements, the exclusion of them substantially prejudiced Burelle's rights. As a result, a new trial should be ordered.

**B. The Court erred in denying the admission of testimony regarding Burelle's attempts to report an incident of sexual harassment by Masse.**

Prior to trial, Defendants filed a Motion in Limine pursuant to which they requested that the Court exclude any evidence regarding an incident Burelle considered to be sexual harassment by Masse. In response to that motion, Burelle's counsel represented that Burelle would not present such evidence unless it became necessary to rebut evidence elicited by the defendants either on cross-examination of William Burelle or in their direct cases.

During the cross examination of William Burelle, Defendants questioned Burelle about his failure to report the age-related comments made by Ernest Masse. Thereafter, Burelle's counsel sought to elicit evidence from Burelle that he had attempted to report the sexual harassment incident but had been rebuffed by the Packaging Graphics management. The Court denied Burelle's request to present that evidence.

The evidence of Burelle's prior attempt to report a previous complaint of improper behavior by Masse is clearly relevant to whether Burelle acted reasonably in not reporting Masse's age-related comments. As a result, the exclusion of that evidence substantially prejudiced Burelle's rights and a new trial should be ordered.

**III. Conclusion**

For all of the foregoing reasons, this Court should enter an order granting Plaintiff, William Burelle, a new trial in order to prevent a miscarriage of justice.

**WILLIAM J. BURELLE**

By his Attorneys,

WINOGRAD, SHINE & ZACKS, P.C.

Melissa Horne

Melissa M. Horne, Esq.
State Bar No. 5291
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: April 28, 2006

**CERTIFICATION**

I hereby certify that on April 28, 2006, I forwarded a true copy of the within document to Joseph J. Altieri, Esq., Joseph J. Altieri, Ltd., 301 Metro Center Boulevard, Suite 102, Warwick, RI 02886 and Anthony J. DiOrio, Esq., One North Broadway, Suite 1502, White Plains, NY 10601 by regular mail.

Sara Ferrague