**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM J. BURELLE,** **Plaintiff,** | | |
| **- against -** | : | **C.A. No.: 04-414 S** |
| **QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE,** **Defendants.** | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL**

Now come Defendants, Quebecor World Pawtucket f/k/a Quebecor World Packaging Graphics and Quebecor World Printing (USA), Inc., and hereby oppose Plaintiff's Motion For A New Trial pursuant to Fed. R. Civ. P. 59. In support of Defendants' opposition, Defendants submit the enclosed Memorandum of Law, and respectfully request that the motion be denied in all respects.

JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
(401) 490-3444

By: ______________________
Anthony J. DiOrio (#3419)

Dated: May 15, 2006
Providence, Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

-------------------------------------------------------------X

**WILLIAM J. BURELLE,** :
:
**Plaintiff,** :
:
**- against -** : **C.A. No.: 04-414 S**
:
**QUEBECOR WORLD PAWTUCKET f/k/a** :
**QUEBECOR WORLD PACKAGING** :
**GRAPHICS; QUEBECOR WORLD PRINTING:**
**(USA) INC.; and ERNEST MASSE,** :
:
**Defendants.** :

-------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendants' Opposition To Plaintiff's Motion For A New Trial has been served by mailing a copy of the same, via U.S. Post, postage pre-paid, this 15th day of May, 2006, to:

Melissa Horne, Esq.
Winograd, Shine & Zacks, PC
123 Dyer Street
Providence, RI 02903
*Attorney for Plaintiff*

Joseph J. Altieri, Esq.
Joseph J. Altieri, Ltd.
301 Metro Center Blvd., Suite 102
Warwick, RI 02886
*Attorney for Co-Defendant Masse*

______________________________
Anthony J. DiOrio

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM J. BURELLE,** Plaintiff, - against - QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE, Defendants. | : | **C.A. No.: 04-414 S** |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL**

# TABLE OF CONTENTS

**Page #**

PRELIMINARY STATEMENT ........................................ 1

ARGUMENT ........................................ 2

POINT I THE JURY'S VERDICT IN FAVOR OF DEFENDANTS IS CLEARLY SUPPORTED BY THE EVIDENCE ........................................ 2

A. The Evidence Clearly Demonstrates That Defendants Terminated Plaintiff's Employment For Legitimate, Non-Discriminatory Reason Unrelated To Plaintiff's Age ........................................ 2

1. Minor Inconsistencies In Testimony Are Insufficient To Proive That The Jury's Verdict Is Against The Clear Weight Of The Evidence ........................................ 5

2. The Jury Must Evaluate Conflicting Testimony ........................................ 6

POINT II THE COURT PROPERLY PRECLUDED PLAINTIFF FROM OFFERING REBUTTAL TESTIMONY REGARDING MASSE'S COMPLAINT OF AGE DISCRIMINATION ........................................ 7

POINT III THE COURT PROPERLY EXCLUDED PLAINTIFF'S SEXUAL HARRASSMENT CLAIM ........................................ 10

CONCLUSION ........................................ 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Arrieta-Colon v. Wal Mart P.R., Inc.*, 434 F.3d 75 ....................2

*Borras v. Sea-Land Serv., Inc.*, 586 F.2d 881 ....................2

*CVD, Inc. v. Raytheon Co.*, 769 F.2d 842 ....................7

*Coffran v. Hitchcock Clinic, Inc.*, 683 F.2d 5 ....................2

*Correa v. Hospital San Francisco*, 69 F.3d 1184 ....................2

*Dall v. Coffin*, 970 F.2d 964 ....................2

*Faigin v. Kelly*, 184 F.3d 67 ....................8, 9

*Hoult v. Hoult*, 57 F.3d 1 ....................5

*Johnson v. Spencer Press of Me., Inc.*, 364 F.3d 368 ....................2

*La Esperanza de P.R., Inc. v. Perez Y Cia. de P.R. Inc.*, 124 F.3d 10 ....................8

*Lubanski v. Coleco Industrial, Inc.*, 929 F.2d 42 ....................9

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 ....................8

*Rodriguez-Marin v. Rivera-Gonzalez*, 438 F.3d 72 ....................5

*Woodman v. Haemonetics Corp.*, 51 F.3d 1087 ....................8

## FEDERAL STATUTES

Fed. R. Civ. P. 59 ....................1

Fed. R. Evid. 403 ....................11

Fed. R. Evid. 611 ....................8

Defendants Quebecor World Pawtucket f/k/a Quebecor World Packaging Graphics (hereinafter "Packaging Graphics") and Quebecor World Printing (USA) Inc. (hereinafter collectively referred to as "Quebecor" or "Defendants"), by and through their attorneys, Jackson Lewis LLP, respectfully submit this memorandum of law in opposition to Plaintiff's motion for a new trial pursuant to Fed. R. Civ. P. 59.

## PRELIMINARY STATEMENT

Plaintiff was employed as a salesman by Quebecor until June 14, 2002 when Quebecor terminated his employment for performance-related reasons. Plaintiff alleges that Defendants and co-Defendant Ernest Masse intentionally discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), the Rhode Island Fair Employment Practices Act ("FEPA") and the Rhode Island Civil Rights Act of 1990 ("RICRA").

From April 10 to April 14, 2006, a jury trial was held before the Honorable William E. Smith. The jury deliberated for approximately forty-five (45) minutes and found in favor of the Defendants and co-Defendant Ernest Masse. Plaintiff now moves for a new trial on the grounds that: (1) the jury's verdict was against the weight of the evidence; (2) the Court erred in precluding Plaintiff from questioning Masse relative to events which allegedly occurred after Plaintiff's termination; and (3) the Court erred in precluding Plaintiff from offering testimony regarding his sexual harassment complaint. This Court should deny Plaintiff's motion in its entirety because: (1) the jury verdict was clearly supported by the entire record; and (2) the Court properly excluded cumulative, irrelevant and unfairly prejudicial testimony of Masse and Plaintiff.

## ARGUMENT

## POINT I

## THE JURY'S VERDICT IN FAVOR OF DEFENDANTS IS CLEARLY SUPPORTED BY THE EVIDENCE.

The standard of review in setting aside a jury verdict is quite narrow. Motions for a new trial are "directed to the trial court's discretion and the remedy is sparingly used." Johnson v. Spencer Press of Me., Inc., 364 F.3d 368, 375 (1st Cir. 2004) (quoting Dall v. Coffin, 970 F.2d 964, 969 (1st Cir. 1992)). A district court should only set aside a verdict and grant a motion for a new trial if "the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice." Arrieta-Colon v. Wal Mart P.R., Inc., 434 F.3d 75, 89 (1st Cir. 2006) (quoting Johnson, 364 F.3d at 375)). Furthermore, a "trial judge should not act merely as a '13th juror' and set a verdict aside simply because he would have reached a different result had he been the trier of fact." Coffran v. Hitchcock Clinic, Inc., 683 F.2d 5, 6 (1st Cir. 1982) (quoting Borras v. Sea-Land Serv., Inc., 586 F.2d 881, 887 (1st Cir. 1978)). The jury's verdict in favor of Defendants is supported by ample evidence.

### A. The Evidence Clearly Demonstrates That Defendants Terminated Plaintiff's Employment For Legitimate, Non-Discriminatory Reason Unrelated To Plaintiff's Age.

Plaintiff argues that Quebecor's reasons for terminating his employment are unworthy of belief. Plaintiff makes this argument by viewing the evidence in the light most favorable to Plaintiff, ignoring the majority of evidence produced by Defendants at trial and attempting to resolve witness credibility determinations in his favor. However, a court must examine the evidence and the reasonable inferences therefrom in the light most favorable to upholding the jury verdict. See Arrieta-Colon, 434 F.3d at 79; Correa v. Hospital San Francisco,

69 F.3d 1184, 1188 (1st Cir. 1995). Defendants presented more than sufficient evidence for the jury to determine that Plaintiff's age was not a motivating factor in his termination.

In or about 2000 Plaintiff began performing work for Vinyl Pak and its owner Mendy Bistritzky. Plaintiff admitted that he spent an inordinate amount of time servicing Vinyl Pak because it was his largest customer. In fact, in 2001 and 2002, Vinyl Pak represented 85.7% and 88.5%, respectively, of Plaintiff's total sales for Packaging Graphics. Plaintiff also admitted at trial that Masse repeatedly warned Plaintiff that he had "all his eggs in one basket" and that he needed to develop new accounts. Masse testified that he dispensed this advice to every salesman in his group because it was his experience in over forty years in the packaging graphics industry that customer accounts constantly changed over time.

Defendants introduced into evidence two memoranda prepared by Masse dated February 27, 2002 and April 5, 2002, Exhibits W and X, respectively. These memos each detail meetings Masse initiated with Plaintiff regarding his job performance. Masse also describes conversations he had with Plaintiff regarding the need for Plaintiff to expand his client base and counseling him that having one account represent the overwhelming majority of his total sales placed Plaintiff and Quebecor in a precarious position. Plaintiff even testified that in early 2002, Masse told him that he would be fired from Packaging Graphics if he ever lost the Vinyl Pak account because it was his only significant client and he would lose virtually his entire book of business. Plaintiff conceded this point by admitting he would be "starting over" if he lost Vinyl Pak's business.

Masse assigned Plaintiff the most experienced customer service representative to assist Plaintiff with Vinyl Pak. Plaintiff chose not to utilize the customer service representative and instead performed the Vinyl Pak work himself as opposed to developing new clients. Masse

also created a pre-press department specifically for the Vinyl Pak account to alleviate the time constraints in delivering proofs to Mr. Bistritzky. Masse afforded Plaintiff these accommodations because Vinyl Pak was a large account for Packaging Graphics and providing Plaintiff an experienced assistant and creating the pre-press department would enable the company to properly service Vinyl Pak and enable Plaintiff to perform his primary job duties--selling Packaging Graphics' products.

In or about June 2002, Masse and Gary Stiffler, Quebecor's Regional Vice-President, both testified that they had a conversation with Bistritzky regarding Plaintiff. Bistritzky informed Masse and Stiffler in separate telephone calls that he could no longer trust Plaintiff because he learned that Plaintiff had talked with one of his competitors regarding Vinyl Pak printing its own phone cards. Bistritzky testified that Vinyl Pak bought equipment specifically to print its own phone cards. Bistritzky also informed Stiffler that he wanted Plaintiff removed from his account. Accordingly, Stiffler testified that he did not want to lose Vinyl Pak's business so he decided to remove Plaintiff from the Vinyl Pak account. When Stiffler removed Plaintiff from the Vinyl Pak account he lost 88% of his total sales for Packaging Graphics. Masse advised Plaintiff for the prior six months that he needed to expand his client base in case he lost the Vinyl Pak account.[1] Plaintiff had steadily lost clients over the previous three years and did not have any significant clients or prospects at the time he lost the Vinyl Pak account. Based on these factors Stiffler made the decision to terminate Plaintiff.

[1] Even if Mr. Bistritzky did not want Plaintiff removed from the account, Plaintiff would have lost the Vinyl Pak account shortly after his termination because Vinyl Pak began printing phone cards in-house after it acquired a printing press and die cutters. (Bistritzky Dep. 31).

1. **Minor Inconsistencies In Testimony Are Insufficient To Prove That The Jury's Verdict Is Against The Clear Weight Of The Evidence.**

Plaintiff argues that because Masse's memo dated June 5, 2002 varies slightly with his trial testimony, the jury could somehow only reach the conclusion that Quebecor terminated Plaintiff because of his age.[2] Plaintiff apparently believes that it is significant whether Plaintiff called Bistritzky or Bistritzky called Masse when Bistritzky demanded that Plaintiff be removed from his account. Plaintiff also places importance on the distinction of whether Plaintiff *learned* or *disclosed* confidential information regarding Vinyl Pak.[3] Plaintiff then erroneously contends that Bistritzky's deposition testimony contradicts Masse's testimony. Bistritzky testified that he did not recall having a conversation with Masse regarding removing Plaintiff from his account.[4] Significantly, Bistritzky also testified that he did not deny speaking with Masse regarding removing Plaintiff from his account, but only that he could not recall the conversation three and a half years later. (Bistritzky Dep. 83). Bistritzky further testified that he has no reason to believe that Masse's June 5, 2002 memo was a fabrication. (Id. at 87).

Plaintiff's arguments that Masse's and Bistritzky's testimony compel the conclusion that Defendants terminated Plaintiff because of his age is nonsensical and meritless. Plaintiff offered no evidence to demonstrate that Bistritzky did not inform both Masse and Stiffler that he could no longer trust Plaintiff and wanted him removed from the Vinyl Pak account. Plaintiff's subjective belief that the jury should have ignored Masse's and Stiffler's testimony is irrelevant. It is solely within the province of the jury to determine witness credibility. See Rodriguez-Marin v. Rivera-Gonzalez, 438 F.3d 72, 81 (1st Cir. 2006); Hoult v.

---

[2] This memo was admitted into evidence as Exhibit Y.

[3] Plaintiff appears

[4] Bistritzky answered approximately 57 questions at his deposition by stating that he could not recall or remember the event in question.

Hoult, 57 F.3d 1, 7 (1st Cir. 1995). The jury was entitled to conclude that Masse and Stiffler each had separate phone calls with Bistritzky regarding his dissatisfaction and distrust of Plaintiff, particularly where Plaintiff offered no evidence to the contrary. Further, although Plaintiff may also believe it is "inconceivable" that Bistritzky does not remember his conversations with Masse and Stiffler, Plaintiff again offered no evidence that these conversations did not take place.[5] The jury viewed the testimony of Plaintiff, Masse, Stiffler and Bistritzky and drew its own conclusions regarding the believability of these individuals.

### 2. The Jury Must Evaluate Conflicting Testimony.

Plaintiff also argues that the jury's verdict was against the clear weight of the evidence because Stiffler did not discuss Bistritzky's concerns with Plaintiff prior to his decision to terminate Plaintiff. Plaintiff further claims that he was never informed of the reason for his termination. Stiffler testified that when Bistritzky told him he could no longer trust Plaintiff and wanted him removed from the Vinyl Pak account, Stiffler acquiesced to the client's demand because he did not want to lose the Vinyl Pak account. Thus, Stiffler did not believe it was necessary to speak with Plaintiff regarding Bistritzky's concerns that he could no longer trust Plaintiff. It is not clear how Stiffler's decision to not converse with Plaintiff prior to his termination compels the conclusion that Defendants terminated Plaintiff because of his age and not because his only major client demanded his removal from the account.

Plaintiff's final argument in support of his belief that the jury verdict was against the clear weight of the evidence is that Defendants did not inform Plaintiff of the reason for his termination. Even assuming that the failure to give Plaintiff the reason for his termination is evidence of age discrimination, (which it is not), Plaintiff once again ignores other testimony

[5] It is interesting that Plaintiff did not argue before the jury that it was inconceivable Bistritzky did not remember the telephone conversations with Masse or Stiffler.

offered to the jury. Stiffler testified that he directed Victor Santos, Quebecor's Director of Human Resources, to inform Plaintiff of the reason for his termination. Santos then testified that he told Plaintiff during his termination meeting that he was terminated because of a customer complaint that resulted in the loss of his only major client. Plaintiff conspicuously did not cross-examine Santos on this point which directly contradicted Plaintiff's testimony. "When conflicting evidence is presented, from which contradictory inferences may be drawn, it is the role of the jury to make the ultimate determinations of fact." CVD, Inc. v. Raytheon Co., 769 F.2d 842, 849 (1st Cir. 1985). Accordingly, the jury clearly evaluated all the evidence presented by Plaintiff and Defendants and its determination that Defendants did not terminate Plaintiff because of his age is clearly supported by the evidence.

## POINT II

## THE COURT PROPERLY PRECLUDED PLAINTIFF FROM OFFERING REBUTTAL TESTIMONY REGARDING MASSE'S COMPLAINT OF AGE DISCRIMINATION.

Prior to trial the Court granted Defendants' motion *in limine* to exclude evidence regarding Masse's claim of age discrimination against Quebecor World Packaging Graphics, Inc. f/k/a Quebecor World Packaging Graphics, et al., filed in the Superior Court of Rhode Island, C.A. No.: 05-3222. In an effort to evade the Court's ruling, Plaintiff's counsel simply read portions of Masse's Complaint to Masse and Stiffler in front of the jury during their cross-examination of Defendants' witnesses. During *voir dire* of Masse and cross-examination of Stiffler, Plaintiff's counsel also questioned Masse and Stiffler regarding an alleged meeting in the late Summer or early Fall of 2002 during which Fran Canzano, President of Quebecor's New England division, allegedly made the statement that he wanted young salespeople with fire in

their bellies. The Court denied Plaintiff's request to call Masse as a rebuttal witness at the close of Defendants' case to elicit testimony regarding Canzano's alleged comments and other facts regarding Masse's claim of age discrimination.

Plaintiff chose to not call Masse, Stiffler or Canzano as trial witnesses. Apparently this was due to his mistaken belief that an employee is only required to present evidence of "pretext" in rebuttal to an employer's proffered legitimate, nondiscriminatory reason for the adverse employment action, and not as part of his case in chief. As the Court correctly noted in denying Plaintiff's request to offer Masse as a rebuttal witness (and in denying Plaintiff's request to re-open), any employee must prove his discrimination claim during his case in chief. It is clear that the burden of proving intentional age discrimination always remains with the Plaintiff, even under the *McDonnell Douglas* burden-shifting paradigm. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Woodman v. Haemonetics Corp., 51 F.3d 1087, 1091 (1st Cir. 1995). In fact, Plaintiff must have recognized this fact because he decided to present Bistritzky's deposition testimony during his case in chief to attempt to prove that Defendants' reason for his termination was a pretext for age discrimination. Because Plaintiff did not call Masse as a witness he could only question Masse within the scope of direct examination. See Fed. R. Evid. 611(b).

Defendants did not open the door for Plaintiff to question Masse regarding his age discrimination Complaint or Canzano's alleged comments. Accordingly, Plaintiff sought to call Masse as a rebuttal witness. The principal objective of rebuttal is to permit a litigant to respond to new, unforeseen facts offered by an opponent. See Faigin v. Kelly, 184 F.3d 67, 85 (1st Cir. 1999).; La Esperanza de P.R., Inc. v. Perez Y Cia. de P.R. Inc., 124 F.3d 10, 20 n.6 (1st Cir. 1997). Unbelievably, Plaintiff argues that "[i]t was not until after Masse's testimony that the

evidence of Masse's own statements became relevant to Masse's credibility and to demonstrate pretext." (Pl. Mem. at 8). First, Plaintiff does not argue Defendants offered any new or surprise evidence that necessitated rebuttal testimony.[6] Plaintiff presented evidence during his case in chief (and argued during opening statements) that he believed supported his theory that Quebecor's reason for terminating his employment was a pretext for age discrimination. Thus, Plaintiff was well aware that he needed to present evidence of pretext during his case in chief. "When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry." Faigin, 184 F.3d at 85. See Lubanski v. Coleco Indus., Inc., 929 F.2d 42, 47 (1st Cir. 1991) (upholding the denial of rebuttal evidence when the proferred evidence was available to the plaintiff during her case in chief and the testimony she sought to rebut was not unexpected). Second, Plaintiff did not seek to introduce into evidence Masse's statements. Rather, he either wanted to introduce into evidence Masse's unsworn Complaint prepared by his attorney or hearsay statements allegedly made by Canzano after Plaintiff's termination. This purported evidence is both inadmissible and irrelevant. Masse testified during *voir dire* by Plaintiff's counsel that he believed his peers, i.e., other Sales Managers in other divisions of Quebecor, and him were discriminated against because of their age. Masse did not believe that there was a systematic process of terminating older sales representatives throughout the company. Third, even if the Court should have permitted Plaintiff to introduce inadmissible and irrelevant evidence as rebuttal testimony, which it correctly did not, such error was harmless. The Court permitted Plaintiff to question Stiffler regarding Canzano's alleged statements made at

---

[6] Plaintiff originally claimed at trial in support of his argument to call Masse as a rebuttal witness that he was unaware of the reason for his termination until Masse's trial testimony, even though he deposed Masse and Stiffler during the discovery period. Plaintiff apparently has abandoned this argument.

a meeting in the Fall of 2002. Significantly, it was Stiffler, and not Masse, who made the decision to terminate Plaintiff's employment. Stiffler testified that he did not attend a meeting in the late Summer or early Fall of 2002 where Canzano stated that he wanted young salespeople with fire in their bellies. Thus, any prejudice allegedly suffered by Plaintiff's inability to call Masse as a rebuttal witness was ameliorated since the Court permitted Plaintiff to question the individual who made the decision to terminate Plaintiff regarding Canzano's alleged statement.

## POINT III

## THE COURT PROPERLY EXLCUDED PLAINTIFF'S SEXUAL HARRASSMENT CLAIM.

Prior to trial the Court granted Defendants' motion *in limine* to exclude evidence regarding Masse's unreported claim of sexual harassment against Masse. Plaintiff now claims that the Court committed error by not allowing Plaintiff to testify about his thwarted attempt to report what he believed to be evidence of Masse's sexual harassment.[7] What Plaintiff conveniently fails to recall about his offer of proof regarding such rebuttal testimony is that temporally such evidence would not have proven or given any credibility to Plaintiff's claim that he somehow knew that his claim of Masse's age-related remarks would have gone unheeded by Victor Santos or anyone else at Quebecor.

The letter Plaintiff prepared (and never sent or delivered to anyone at Quebecor) regarded an alleged situation which occurred on February 27, 2002 between Plaintiff and Masse. Defendants' cross-examination of Plaintiff was temporally limited to asking him why he failed to

---

7 Plaintiff testified that he did not report Masse's age-related comments to Human Resources because: (1) he believed employees at other companies he worked at approximately twenty years earlier were retaliated against for reporting discriminatory conduct; and (2) he thought he could be terminated for violating a provision in the employee handbook dated January 1, 2002, if Quebecor determined that he made intentionally false statements during an investigation into prohibited discriminatory or harassing conduct.

report the claimed allegations of age-related remarks to Human Resources temporally between February, 2001 (when Plaintiff claims the age-related comments were first made by Masse) and May, 2001 (the time when Plaintiff first started writing himself emails to "document" the alleged age discrimination). Accordingly, the claimed event of sex harassment, which by the date of Plaintiff's own undelivered letter occurred some nine months to one year *later*, could not explain or justify any reason why Plaintiff failed to report the allegations of the age comments – unless, of course, Plaintiff was to proffer testimony of his own powers of prescience.

Accordingly, the court correctly concluded that the probative value of introducing into evidence other allegations of workplace discrimination would be substantially outweighed by the danger of unfair prejudice, particularly where the probative value of such evidence was *non-existent*. See Fed. R. Evid. 403.

## CONCLUSION

For the reasons set forth herein, Defendants request that the Court deny Plaintiff's motion for a new trial and uphold the jury verdict.

JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
(401) 490-3444

By: ______________________
Anthony J. DiOrio (RI Bar No. 3419)

Dated: May 15, 2006
Providence, Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

---------------------------------------------------------X

**WILLIAM J. BURELLE,** :

**Plaintiff,** :

**- against -** : **C.A. No.: 04-414 S**

**QUEBECOR WORLD PAWTUCKET f/k/a QUEBECOR WORLD PACKAGING GRAPHICS; QUEBECOR WORLD PRINTING (USA) INC.; and ERNEST MASSE,** :

**Defendants.** :

---------------------------------------------------------X

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendants' Opposition to Plaintiff's Motion For A New Trial has been served by mailing a copy of the same, via Federal Express mail, this 15th day of May, 2006, to:

Melissa Horne, Esq.
Winograd, Shine & Zacks, PC
123 Dyer Street
Providence, RI 02903
*Attorney for Plaintiff*

Joseph J. Altieri, Esq.
Joseph J. Altieri, Ltd.
301 Metro Center Blvd., Suite 102
Warwick, RI 02886
*Attorney for Co-Defendant Masse*

Anthony J. DiOrio